SCRANTON LUMBER CO. *v.* KNOX, ATTY.-GEN. *et al.**

(Division B.   Sept. 27, 1926.)

[109 So. 721.   No. 25267.]

EQUITY.
> That appeal was barred may be shown on appeal in the case, so suit to correct filing date of petition for appeal, to show it was filed too late, and enjoin prosecution of appeal, will not lie.

*Corpus Juris-Cyc References: Appeal and Error, 3CJ, p. 371, n. 50; Equity, 21CJ, p. 36, n. 16; p. 68, n. 11 New.

APPEAL from chancery court of Perry county.
HON. V. J. GRIFFITH, Chancellor.

Suit by the Scranton Lumber Company against R. H. Knox, Attorney-General, and others. From an adverse decree, plaintiff appeals. Affirmed.

*Stevens & Heidelberg,* for appellant.

The court was in error in dissolving the injunction because the court of equity had jurisdiction to require the correction of the record made by the defendant C. C. Dearman so as to show the true filing date; to-wit, February 27, 1924, and it was the duty of the chancery court under the facts set forth in said bill to require the correction of said record and to keep said injunction in full force and effect until the record was corrected so as to show the true filing date, and that this is true ·even though the court was without jurisdiction to make the injunction perpetual or to assume any jurisdiction so far as the hearing of the tax appeal itself was concerned.

Under the facts charged in this bill there was no "filing" of the petition for appeal and the certificate of the defendant C. C. Dearman to the effect that it was filed was a false certificate.

The term "filing" imports that the paper filed shall remain with the clerk as a record subject to be inspected by those who have an interest in it. *Cooper* v. *Friarson,* 48 Miss. 300.

In the case at bar, there was no such filing of the petition. It did not remain in the clerk's office as a record subject to be inspected by those who had an interest in it. This appellant had no opportunity until long after its taxes had become due and payable to even know that an appeal had been taken, much less to inspect the petition therefor. The clerk could not certify a copy of this petition because neither the petition nor a copy thereof was in his office.

One of the leading cases in the entire Union on what is meant by filing is *Meridian Nat'l Bank et al.* v. *Hoyt & Bros. Co. et al.,* 74 Miss. 221, 21 So. 12. In this case

much more was done than in the case at bar. If the bill in that case was not "filed," then certainly, it cannot be seriously contended that the petition in this case was filed on November 27. See, also, *Morgan* v. *Williams,* 95 So. (Fla.), 611 at 614; *Beals, Administrator,* v. *Alexander,* 6 Texas 531. Section 1008, Code of 1906, provides that all pleadings, writs, proofs and other papers relating to any cause in court shall be filed together by the clerk and *carefully preserved in his office.* Section 1308, Code of 1906, makes it a crime for the clerk to fail to give to any interested party a certified copy of any papers on file in his office. See 25 C. J. 1126; *State* v. *Crossly Park Land Co.,* 63 Minn. 205; *Yates* v. *Tatum,* 155 Pac. (Colo.) 258; 2 Bouvier's Law Dictionary, 1219, Webster's Dictionary defines the word "filing" to have the following meaning in law: "To deliver (a paper or instrument) to the proper officer so that it is received by him to be kept on file, or among the records of his office."

If the petition for appeal was not in fact filed until February 27, 1924, then the certificate of C. C. Dearman as clerk that it was filed on November 27, 1924, is an incorrect certificate and constitutes an incorrect record made by him.

While every court of record is the guardian and judge of its own record, with full power to control and inquire into them and correct them if they are found to be incorrect, in the absence of a statute a court has no summary control over the records of an independent public office. 34 Cyc. 591. We make this citation for the purpose of showing that the circuit court is without jurisdiction to require C. C. Dearman, defendant in this case, to correct his certificate of filing. It was the record of an independent public office over which the circuit court, in the absence of statute, had no control. *Equity has jurisdiction to correct the record. Vanderbilt* v. *Mitchell,* 67 Atl. 97; and *Vanderbilt* v. *Mitchell,* 67 Atl. 103.

In the case at bar, the complainant is entitled to have the record corrected and the proceedings in the circuit

court stayed or enjoined until the correction be made, in order that the certificate of the clerk as it now appears cannot be used in the trial of said case so as to give the state of Mississippi an unfair advantage in the court of law.

In *Brown* v. *Wesson*, 114 Miss. 216, it is said that in the application of the remedial powers of the court of equity, the courts appear to have acted rather upon the intrinsic equity of a particular case than upon any strict rule limiting and restraining the power so as to prevent them from doing equity. See too *Fore* v. *Foster's Adm's*, 86 Va. 104, 9 S. E. 497.

In the case at bar, unless the proceeding in the circuit court is restrained until the final adjudication of this cause in the chancery court, when undoubtedly the court will require the defendant, Dearman, to correct his certificate of filing, this appellant will suffer a most serious handicap and the state of Mississippi will get the benefit of a most unfair advantage.

*Rawls & Hathorn,* for appellees.

The question as to whether or not, under the facts as alleged, the petition for appeal was filed in time is one of law and can certainly be determined and passed upon by a court of law with the same force and effect, and under the same rules of evidence as if the question were submitted to a court of equity. Certainly, counsel will not contend that it will take less or different evidence to establish the facts alleged in his bill in a court of equity, than it would take to establish the same facts raised by proper pleading in a court of law. The burden is on complainant (appellee) in this case to establish the facts charged and when established, the chancery court would determine, as a matter of law, whether, under the facts, a legal filing was had on November 27, 1923. If appellant should set up the same facts in a plea in the circuit court and issue be joined, or demurrer

interposed, he would have the same burden—no more, no less—of sustaining the allegations of his plea; and when sustained, the circuit court would determine, as a matter of law, whether under the facts, a legal filing was had on November 27, 1923.

Counsel contends that he ought not to be required to meet this "filing" of the clerk in the circuit court, because there he would be met with the "presumption" that the petition was filed at the time it showed to have been; that is, November 27, 1923, and that the burden would be upon the appellant to show that the filing was incorrect. Surely, appellant does not mean to contend that there would be a smaller burden on him in the chancery court. Surely, he does not mean to contend that the same "presumption" as to the correctness of the filing does not prevail in the chancery court, and that in this proceeding in chancery the burden will not still "be upon appellant to show that it is incorrect."

It being true then that the same rules of evidence apply, that appellant must carry the same burden of proof in the chancery court as he does in the circuit court and that same presumptions arise and prevail in the chancery proceedings as do in the circuit, why should this entire proceeding be halted and a tax appeal involving many thousands of dollars, both to the state of Mississippi and the county of Perry, be held up and delayed to await the settlement of an issue that can just as well, just as correctly, and just as cheaply be settled by proper plea in the circuit court? Counsel has cited no authorities at all in support of his contention.

Appellant must necessarily raise its defense in the circuit court by plea that the appeal was not taken in time. If the plea is sustained, the litigation is ended until the trial court has been reversed by appeal, and this would be true whether appellant overcome the presumption of the correctness of the date of the filing in the circuit court or in the chancery court.

A different situation would exist, of course, if it was the correction of a record in the office of the chancery clerk or the correction of some paper actually on file with him. The case of *Craft* v. *Homochitto Lumber Co.,* 106 So. 440, while not directly in point, supports our position.

Certainly, in the case at bar, the circuit court is the forum to say under appropriate pleading whether or not the petition for appeal was filed in time or when, as a matter of law, it was filed.

In discussing the "Adequacy of Legal Remedy," where the principle is applied in those cases where injunction is sought against actions in courts of law, see 14 R. C. L., par. 108, p. 407; 32 C. J., pp. 98-101.

The following cases from the supreme court of Mississippi and other courts are applicable to the case at bar and throw light on the rules of law applicable; and from the holdings in them it is made clear to us that the action of the chancellor in the case at bar must be affirmed: *Learned* v. *Holmes,* 49 Miss. 300; *New Orleans Shell Co., etc.,* v. *Lowenstein et al.,* 11 So. 187; *Saucier et al.* v. *Rouse,* 12 So. 481; *Larson* v. *Larson,* 82 Miss. 116; *Harvester Co.* v. *Still,* 98 Miss. 127; *Adams* v. *Bank,* 103 Miss. 745. Also *Burkhart* v. *Scott,* 72 S. W. 784, 3 A. L. R. 1028; *Town of Grand Chute* v. *Winegar et al.,* 21 L. Ed. 174; *Portwood* v. *Feld et al.,* 72 Miss. 542.

From the authorities cited above—and we have found none to the contrary—it is clear that this is not a proper case for equity jurisdiction or equity interference with the court of law. After all, but two questions or issues are raised by the chancery proceeding; one is an issue of fact; the other is an issue of law. The issue of fact is whether the transaction happened as alleged in the bill of complaint; and the issue of law is that if it happened that way, was it or was it not such a "filing" of the petition for appeal as is required by law?

It is clear to us then that on the only questions raised by appellant in his brief, he has a full, complete, speedy

and adequate remedy at law and the decree of the lower court must be affirmed and appellant remanded to his remedy at law.

ANDERSON, J., delivered the opinion of the court.

Appellant, Scranton Lumber Company, filed its bill in the chancery court of Perry county against the predecessor in office of the present attorney-general, one of the appellees, and the other appellees, by which it is sought to enjoin the prosecution by the attorney-general and his associates of an appeal by the former to the circuit court of Perry county from an order of the board of supervisors of that county approving an increase of appellant's timber assessment for taxes for the year 1923. A temporary injunction was issued and served in accordance with the prayer of the bill. The cause was heard by the chancery court on the bill, answer, and motion to dissolve the injunction. A decree was entered dissolving the injunction, from which an appeal was granted to settle the principles of the case.

The defendants in the court below, appellees here, are the present attorney-general, E. C. Sharp and F. C. Hathorn, attorneys representing the attorney-general, and C. C. Dearman, clerk of both the chancery and circuit courts of Perry county. The bill, so far as its allegations are pertinent to this appeal, alleged, in substance, that on the 7th day of November, 1923, a final order of the state tax commission approving the assessment roll of Perry county was entered on the minutes of the board of supervisors of that county, and the board, on that date, adjourned its November meeting; that within twenty days after the final order of adjournment of the board, the attorney-general claimed to have filed with the clerk of the board of supervisors a petition for appeal from such order, so far as it approved appellant's assessment of timber for taxes; that appellee C. C. Dearman, as clerk of the board, marked the petition filed as of that date;

that in truth and in fact, for certain reasons set out in the bill, not necessary here to mention, the appeal was not taken from the final order of the board approving appellant's assessment until about three months after the adjournment of the board, and therefore the appeal was barred.

The bill alleged that the filing date of the attorney-general's petition for appeal entered thereon by appellee Dearman as clerk of the board of supervisors was a false date; that instead of the appeal having been taken on the 27th of November, 1923, as shown by such filing date, it was taken on or about the 27th of February, 1924. The prayer of the bill was that appellee Dearman, as clerk, be required to enter on the petition for appeal by the attorney-general its alleged correct filing date, and that the injunction against the attorney-general and his assistants, restraining them from proceeding with the appeal in the circuit court, be made perpetual.

Chapter 120, Laws 1918, amending section 81, Code of 1906 (Hemingway's Code, section 61), among other things provides that the attorney-general, in case the state be aggrieved by any decision by the board of supervisors assessing property for taxes, may, within twenty days after the adjournment of the meeting at which such decision is made, or within twenty days after the adjournment of the meeting at which the assessment rolls are corrected in accordance with the instructions of the state tax commission, or within twenty days after the adjournment of the meeting of the board of supervisors at which the approval of the roll by the state tax commission is entered, appeal from such decision to the circuit court of the county in like manner as in the case of any person aggrieved, as provided by that act.

Appellant contends that it makes a case by its bill for the correction of the filing date of the petition for appeal by the attorney-general. On the other hand, appellees' position is that, conceding that the filing date of the attorney-general's appeal was erroneous, and that, in

truth, the appeal was not taken until after the expiration of the period allowed by statute for the taking of such appeals, nevertheless, appellant has a complete remedy at law. The chancellor took that view.

Whether an appeal is barred by lapse of time may be shown in the court in which the appeal is pending, whether the cause originated in a court of law or a court of equity. It is not necessary in such a case for the party claiming the appeal to be barred to go into a court of equity to establish such bar. He may show, in the cause in which the appeal is taken, the necessary facts in order for the court to which the appeal is taken to determine whether the appeal is barred by lapse of time. The court having jurisdiction of appeals in such cases is vested with full authority to determine any fact bearing on the question whether or not it has acquired jurisdiction by the appeal. *Farmer* v. *Allen,* 85 Miss. 672, 38 So. 38. To require a party claiming an appeal to be barred to leave the court in which the appeal is pending and go into a court of equity to have the latter court settle the question whether or not the court in which the cause is pending has acquired jurisdiction by appeal would be very burdensome and expensive to such party, and, so far as we are informed, without precedent.

Appellant argues, and cites authorities to support his contention, that an injured party has the right to go into a court of equity to correct a false record in which he is interested. Conceding that principle of law to be sound, it has no application here. The only interest appellant has in correcting the filing date of the attorney-general's petition for appeal is to show that the appeal is barred. Exactly that fact may be shown in the circuit court in the trial of the appeal from the order of the board of supervisors. That is the only interest appellant has in the filing date of the petition. If appellant, as we hold, will be permitted to accomplish the very thing in the circuit court that he could accomplish in the chancery court, it

seems it would be a vain thing to delay the circuit court case to await the judgment of the chancery court.

*Affirmed.*