## GUSTAVE ALBERT SAUER v. LOIS K. SAUER

19 So. (2nd) 247       June Term, 1944
September 22, 1944       Division A

*Harry P. Johnson,* for appellant.
*J. W. Hunter,* for appellee.

CHAPMAN, J.:

On February 1, 1944, the Circuit Court of Lake County, Florida, entered a final decree in the case at bar. This decree (1) granted the wife (Lois K. Sauer) a divorce; (2) awarded her the custody of their child then about two and one-half years of age, and (3) required the father (Gustave Albert Sauer) to pay, for the support, maintenance and education of the child, the sum of $30.00 per month.

On March 31, 1944, Gustave A. Sauer caused to be recorded in the Chancery order book of Lake County, Florida, a notice of appeal from the final decree dated February 1, 1944, and recorded on the same date in the Chancery order book in the office of the Clerk of the Circuit Court of Lake County, Florida. The appeal was made returnable to the Supreme Court of Florida on the 12th day of June, 1944.

On April 6, 1944, the defendant below (appellant here) filed in the court below a sworn motion to set aside the final

decree previously appealed from and re-open the case. The grounds of the motion refer to: (1) the business and finan-' cial affairs of the appellant; (b) his health and mental condition; (c) details of an attempt to commit suicide; and other grounds or reasons appearing in the motion. An exhibit was attached to the motion. The court below by appropriate order denied the motion on April 6, 1944.

Counsel for appellant, by his first question posed, contends that the evidence adduced before the chancellor below and appearing in the record is legally insufficient to support the decree entered below. Careful consideration has been given to all the evidence and the applicable law and it is our conclusion that the evidence is sufficient to support the decree. See Ramsay v. Ramsay, 141 Fla. 665, 193 So. 759; Diem v. Diem, 141 Fla. 807, 193 So. 65; Forde v. Forde, 152 Fla. 142, 10 So. (2nd) 919. The custody and welfare of a child or children of divorced parents can and may be inquired into on application to a court of competent jurisdiction when appropriate orders can or may be entered. See Mooty v. Mooty, 131 Fla. 151, 179 So. 155.

Posed for adjudication by this Court on the part of counsel for appellant are questions based on the motion to set aside the final decree and reopen the case. This motion was presented to the court below under date of April 6, 1944. The jurisdiction of the cause had previously been transferred to the Supreme Court of Florida by appellant's notice of appeal dated March 31, 1944, and then of record in Chancery Order Book No. 32, at page 545, appearing in the office of the Clerk of the Circuit Court of Lake County, Florida. An appeal here was not taken from the order dated April 6, 1944, entered by the court below after the jurisdiction of the parties and subject matter of the litigation had been lodged in this Court by the notice of appeal. The questions posed by counsel cannot be adjudicated by this Court. See Thursby v. Stewart, 103 Fla. 990, 138 So. 742, and similar cases.

The approved procedure for obtaining an order or decree vacating, setting aside, or annulling a final decree, entered by a court of chancery, regular upon its face and alleged to have been obtained by fraud, deceit, artifice or trickery, or

other unlawful means, is by bill of complaint rather than a motion to set aside the final decree and open up the case. See Lorenz v. Lorenz, 149 Fla. 625, 6 So. (2nd) 620.

Affirmed.

BUFORD, C. J., TERRELL and ADAMS, JJ., concur.