HOBSON, Justice.
At a sheriff’s sale, appellant, Sam Berger, purchased 3,450 shares of capital stock of Jafra Steel Corporation, which were then registered on the books of the -corporation in the name of Donald W. Stewart, a judgment debtor. Thereafter, appellant requested that the secretary of the corporation, appellee herein, register the transfer of the stock upon the books of the corporation. This request was refused, and appellant petitioned for a writ of mandamus to compel the secretary, as respondent, to make the required entry.
Appellant thus functioned entirely in accordance with the proper procedure in a case of this nature. F.S., Section 55.31, F.S.A., pertaining to a sale of corporate stock under execution, provides in part that the officer conducting the sale shall execute to the purchaser a bill of sale of the shares of stock,
“and such bill of sale shall vest in the purchaser all the title of the judgment debtor; and upon the presentation of such bill of sale to the secretary or other officer controlling the transfer books of such coporation, it shall be his duty to transfer the said stock from the judgment debtor to the purchaser.”
We have held that under the provisions of this section the transfer officer of the corporation becomes an officer of the court for the purpose of consummating execution of the judgment of the court, and that because of this statutory official status mandamus will lie to compel the transfer officer to perform his official duty. Mixson v. First National Bank, 102 Fla. 468, 136 So. 258. This analysis comports with common-law principles. See 13 Am. *69 Jur., Corporations, Section 364, and cases cited therein.
Appellant alleged in his petition that he duly presented the bill of sale and demanded the transfer of the stock, and this is not contested. It therefore appears that the alternative writ was sufficient as a basis for the relief sought, absent a valid defense.
Answering the alternative writ, the respondent-appellee admitted the basic facts alleged in the petition, which were the facts indicated above, but made a number of affirmative allegations. These allegations are so prolix that it is useless to reproduce them here, and they are so vague and replete with conclusions that it is almost impossible to summarize the factual material alleged. Exhibits appended to the return partook of the same character.
No testimony was offered by either party. Ultimately, appellant moved for peremptory writ of mandamus notwithstanding the return, and the trial judge entered final judgment on the record before him, which consisted of the pleadings and the exhibits filed with the return. In this final judgment the court denied the peremptory writ of mandamus as to 2,500 shares of stock and awarded it conditionally as to 950 shares.
Appellant contends that the trial court erred in sustaining the defenses alleged by the appellee. Since we are confronted with the identical record considered by the trial judge, no testimony having been taken, we are in as good a position as he to review the facts of the case.
From the affirmative material presented in and with the return of the respondent-appellee, it seems that there is a corporation in existence known as Jafra, Incorporated, and that, for some reason which is not clear, one share of Jafra, Incorporated “represents” one hundred shares of Jafra Steel Corporation. This is alleged to have come about “through corporate reorganization and change.” It would appear at first glance that Jafra, Incorporated, is a holding company or parent corporation which holds shares of Jafra Steel Corporation, but appellee takes the position in its brief that this is not the fact and that Jafra, Incorporated, and Jafra Steel Corporation “are not separate corporations.” If they are not separate corporations they must be the same corporation, but we find this nowhere positively alleged in the return.
The relationship of these corporations, or this corporation to itself, is relevant only because appellee contends that certain shares of Jafra, Incorporated, are pledged to secure other debts of the judgment debtor, that appellant knew that they were pledged when he purchased the shares of Jafra Steel Corporation, and that since the pledged shares “represent” some of the shares which appellant bought, he is not entited to have the purchased shares registered in his name. This was substantially the reasoning of the trial judge in holding that 2,500 shares of Jafra Steel Corporation need not be transferred on the books of that corporation.
If, as appellee suggests in its brief, Jafra Steel Corporation is a new corporation which has resulted from the reorganization of Jafra, Incorporated, it is difficult to understand why the pledged shares of Jafra, Incorporated, were not recalled when the shares of Jafra Steel Corporation were issued: On the basis of the record before us, we are at a loss to comprehend what sort of legal - entity it is which can pledge certificates representing some of its shares and permit other certificates, representing the same shares, to remain outstanding and in circulation.
One statement contained in the material filed by the respondent below appears in an affidavit by one J. W. Stewart who says that he is a creditor of the judgment debtor, Donald W. Stewart, that the debt *70 .is secured by a certificate for 25 shares of ■common stock of Jafra, Incorporated, and
“That through corporate reorganization and change said certificate of stock entitles the holder of the same to 2,500 shares of the Common Stock of Jafra Steel Corporation, a Florida corporation, and that said shares of stock are a part of the stock levied upon and advertised for sale as above alleged.”
This is the only suggestion we can find in the record that some of the pledged shares actually cover the same interest as the shares which appellant purchased at the sheriff's sale. But this statement in the affidavit is a mere conclusion, and it still leaves us with the perplexing problem of a single property interest which can be represented simultaneously by two sets of certificates, both of which appear to be in circulation.
We conclude that the affirmative defenses sought to be presented by the ap-pellee were insufficient as a matter of law, and, no reason appearing why the peremptory writ should not be granted, the judgment appealed from must be, and it is hereby, reversed and the cause remanded with directions to issue the peremptory writ prayed for.
It is so ordered.
TERRELL, C. J., and THORNAL and DREW, JJ., concur.