THOMAS, Justice.
Etta Hoffman filed a bill of 'complaint in the Circuit Court of Dade County 27 October 1953 in which she prayed for a divorce from Charles O. Hoffman, Sr. The day after the suit was started there were mailed to the defendant a copy of that pleading and a notice advising him that a decree pro confesso would be entered against him if he failed to answer by the 26th of November. He filed his answer 9 November 1953 and in it he simply admitted paragraphs 1 to 5 of the bill, denied paragraphs 6 and 7, agreed to' pay $15 weekly for maintenance and support, and waived further notice.
The matter was considered, by the chancellor upon the pleadings and a deposition, *525 and upon" testimony introduced before .a special master!' Üpo'n the master’s recommendation a decree of divorce was entered 10 December 1953.- .
On 27- October 1955 the chancellor signed an order directed to the plaintiff, Etta .Hoffman, three.witnesses who had testified in the divorce case, and a- notary public containing a recital that th.e witnesses had committed perjury when they testified and that the notary had acknowledged the oath of a person other than the- one who affixed his name. All this, the chancellor charged, constituted a fraud on the court and occurred when .Etta Hoffman obtained the divorce from Charles . O. .Hoffman, .Sr. Each of the parties- named was ordered to appear 8 November 1955 and show cause why he should not be held in contempt “and why said decree should not be set aside.”
Evidently this order was based upon two letters written by Etta Hoffman to the chancellor dated 9 November 1954 and 24 October 1955 challenging:the,regularity ,o;f the divorce proceeding and confessing her lack of residence to support the decree. -
At the hearing'the chancellor considered the affidavits of Charles O. Hoffman, Sr., Etta Hoffman, the notary public, and one of the original witnesses, all non-residents, and heard the testimony of two witnesses who appared' in 'court.
At the conclusion of the hearing he announced that he would take the matter under advisement.
Nothing s&epjs to have occurred in -the case until 21- March 1956 when the same chancellor entered an order sua sponte reciting that the divorce “may have been obtained by fraud' and deceit * * * in that subsequent' to the entry of the final decree * * * the Court received two letters from the -plaintiff on or about the 10th of October, 1955} and the 28th of October, 1955, respectively, denying she was a bona fide resident of Florida” when the suit was brought and had later in .an affidavit, considered by’ the' court at' the hearing 8 November 1955, repudiated the statements in the letters'with reference to the invalidity of her residence, and ordering Charles O. Hoffman, Sr., and Etta Hoffman to appear 23 April 1956 and show cause why the final .decree should not be vacated.
No order disposing of the contempt matter seems ever to have been entered, but on 6 July 1956 the chancellor, evidently on the record compiled at the hearing the preceding November, 'decreed that the decree -.of divorce be vacated.
 We discussed a proceeding such as this in State ex rel. Lorenz v. Lorenz, 149 Fla. 625, 6 So.2d 620, and decided that ex parte applications to the judge could not form a basis for disturbing a decree entered at the conclusion of a regularly instituted and conducted suit. We said that an attack on such a decree should be as formally conducted as were the proceedings which culminated in the decree under attack.
We detect no difference in salient characteristics between that case and this one. The initial foundation for ¡.the order questioned in this appeal were two letters from Etta Hoffman addressed to the chancellor many months after the decree' had 'been entered. The dates o'f the letters given in the order to show cause do not correspond with" t-hé dates of the' ones in the record but we presume they .are the same for no others can ,be, located and they are identifiable by the contents. Eventually Etta Hoffman, in an affidavit, repudiated the statements in the letters about the falsity of her. representation that she had lived here a sufficient length of time to bring a ■suit for divorce. ■ In her brief filed here 12 October 1956 she reverts to her contention .that the decree of divorce is void. ; ,
But there is no reason further to discuss vacillation -of the appellee or the circumstances . developed by the testimony. No suit was properly brought to attack the solemn decree, the proceeding ex mero motu was wholly irregular, and therefore, *526 there was no foundation for the decree setting aside the divorce. Sauer v. Sauer, 154 Fla. 827, 19 So.2d 247.
The decree is reversed.
TERRELL, C. J., and ROBERTS and THORNAL, JJ., concur.