CARROLL, CHAS., Chief Judge.
The appellee Frank T. Smith filed a complaint for divorce against his wife the appellant Lucy A. Smith, on August 8, 1955, in the Circuit Court in Dade County. The wife answered and counterclaimed for divorce and other relief including a prayer that she be awarded the home property of the parties. A final decree was entered on December 15, 1955, finding that the equities were with the wife on her counterclaim, granting her a divorce, $25 a week alimony, and awarding her the residence premises.
On June 20, 1956, in the absence of any bill of review or other pleadings by the parties on which to predicate the same, and acting sua sponte, the court made an order vacating and setting aside the final decree of December 15, 1955. That order and a subsequent order resulted in further proceedings before a special master, followed by a second “final” decree being entered by a different judge of the court, on December 20, 1956. A challenge of the jurisdiction for such proceedings was made before the judge who entered this last decree, and was denied.
The provisions of this second decree granted the husband a divorce, deprived the wife of the permanent alimony of $25 per week which she had received under the final decree and in lieu thereof awarded her lump sum alimony amounting to $2,400, took away from the wife the residence premises which had been granted to her in the final decree, and ordered her removal from the premises.
In view of the holdings of the Supreme Court on a matter of this kind, further discussion here is unnecessary. The action of the court vacating the decree sua sponte and in the absence of appropriate pleadings of a party seeking review thereof in the nature of a bill of review, was unauthorized, under Kurtz v. Kurtz, 112 Fla. 619, 150 So. 785; State ex rel. Lorenz v. Lorenz, 149 Fla. 625, 6 So.2d 620; Sauer v. Sauer, 154 Fla. 827, 19 So.2d 247; Hoffman v. Hoffman, Fla.1957, 92 So.2d 524. Cf. Cortina v. Cortina, Fla.1957, 98 So.2d 334.
It should be noted, in fairness to the two chancellors who took part in the proceedings after the original decree became final, that they did not have the benefit of the Supreme Court’s opinion in Hoffman v. Hoffman, supra, which was not filed until February 6, 1957. Although the earlier Kurtz and Lorenz cases had warned against the procedure followed, the later Hoffman case clearly condemned the overthrow of a divorce decree which has become final, by a proceeding ex mero motu, as being wholly irregular.
It follows that the orders made, setting aside the December 15, 1955 final decree, and for retrial of the matters settled and adjudged in that final decree were unauthorized, and the decree resulting from such proceedings was a nullity. Mabson v. Christ, 96 Fla. 756, 119 So. 131; Atwell v. Atwell, 111 Fla. 352, 149 So. 555; Bartlett & Sons Co. v. Pan-American Studios, Inc., 144 Fla. 531, 198 So. 195; Jappe v. Heller, Fla.1953, 65 So.2d 302; Hoffman v. Hoffman, supra; Scheuermann v. Shamas, Fla.App.1957, 97 So.2d 314.
The decree appealed from is reversed, and the cause is remanded with directions to reinstate the final decree of December 15, 1955 and to include provision therein to secure to the appellant the alimony to which she was entitled under the terms of the said original final decree and of which she may have been deprived as a result of the said orders of the court made subsequent to the-final decree.
Reversed and remanded.
HORTON and PEARSON, JJ., concur.