103 So.2d 628 (1958)
Sam B. BERGER, Appellant,
v.
Irene F. LEPOSKY, as Acting Secretary of Jafra Steel corporation, a Florida corporation, and J.W. Stewart, Appellees.
Supreme Court of Florida.
June 11, 1958.
*629 Eaton & Achor, Miami, for appellant.
J. Lewis Hall of Hall, Hartwell & Douglass, Tallahassee, and Charles M. Moon, Miami, for Irene F. Leposky.
John M. Murrell and John M. Murrell, Jr., Miami, for J.W. Stewart, for appellees.
DREW, Justice.
Much of the relevant factual matter involved in the instant case is set forth in a previous opinion of this Court disposing of related litigation between the parties. Berger v. Beyerle, Fla., 93 So.2d 67.
Briefly, the appellant Berger on April 4, 1955, purchased at a sheriff's sale 3450 shares of stock in Jafra Steel Corporation. The sale was made and bill of sale issued by the sheriff to appellant on the basis of a certificate by the corporate secretary that the 3450 shares in Jafra Steel Corporation were owned by and then registered on the books in the name of the judgment debtor, Donald W. Stewart, F.S. Sec. 55.31, F.S.A. Appellant thereafter presented the bill of sale and requested transfer of the stock, which was resisted on the ground that 2,500 shares of such stock, "represented" by 25 shares in Jafra, Incorporated, were previously pledged by the judgment debtor to a third party, J.W. Stewart, appellee in the instant case, which pledge had been foreclosed on April 6, 1955. Appellant thereupon instituted a mandamus proceeding against the corporate secretary, and prior to initial disposition of that proceeding he filed a suit in equity for declaratory relief, against both the secretary and alleged pledgee J.W. Stewart, in connection with which the present appeal has been taken.
From an adverse decree entered in the mandamus proceeding on July 11, 1955, denying the writ as to the 2500 shares claimed to be subject to pledge, the appellant duly took his appeal to this Court. Upon review of the record and the issues presented, it was the considered opinion of this Court that the respondent corporate secretary had failed to show cause why a transfer should not be made as contemplated by F.S. Sec. 55.31, F.S.A. and the cause was accordingly reversed and *630 remanded on January 23, 1957, for the entry of a peremptory writ in favor of appellant. The opinion on rehearing pointed out the provisions of F.S. Section 614.15, F.S.A., as bearing on the possibility of petitioner's obtaining the certificates in question by appropriate action or process, and contained the language that "if performance under this section has been rendered impossible * * * our judgment is without prejudice to Berger to proceed against the responsible parties as he may be advised." Any ambiguity raised thereby was eliminated in a subsequent unpublished order, on certiorari, dated June 7, 1957, as follows:
"This cause coming on for consideration on the Petition for Writ of Certiorari filed by petitioner, and it appearing that the Circuit Court for Dade County, after the going down of the Mandate, failed to issue Peremptory Writ as directed in the Mandate in this cause but entered a peremptory writ for less than the relief prayed for and granted by this Court, it is ordered that Writ of Certiorari be and is awarded herein and the final judgment entered and Peremptory Writ which issued in this cause in the Circuit Court of Dade County each bearing date April 4, 1957 be and they are severally quashed and said Court is directed to issue the Peremptory Writ prayed for in accordance with the Mandate of this Court without qualification."
Prior to disposition of the appeal in mandamus, to which the appellee J.W. Stewart was not a party, the corollary suit for declaratory relief against both J.W. Stewart and the corporate secretary had terminated with the entry of a decree on September 6, 1955, adverse to appellant, from which he did not appeal. This decree adjudicated, as between all the parties, the issue of title to the 2500 shares of stock in Jafra Steel Corporation, and found that the appellant Berger failed to meet the burden of proof required to prevail over the appellee J.W. Stewart, who held the stock as pledgee. The master's report upon which the decree was predicated also contained the statement "that plaintiff elected his remedy and had an adjudication of the matter which is appealable" in the above mentioned mandamus action. The decree, however, is not put upon this ground, but finds upon the merits that the appellee J.W. Stewart owned the stock in question by virtue of purchasing upon foreclosure of the pledge.
On April 4, 1957, after the declaratory decree became final by lapse of the appeal period, and after the mandate of this Court in favor of appellant in the mandamus appeal, the appellees, defendants in the equity suit, filed a petition in that proceeding for supplementary relief by way of injunction against the appellant Berger's "proceeding further" in the mandamus action. F.S. Sec. 87.07, F.S.A. The order entered thereon under date of May 3, 1957, from which the instant appeal has been taken, enjoined appellant in the quoted language and restrained the secretary, the appellee Leposky, from changing the records of Jafra Steel Corporation.
The above recited chronology of events makes plain the fact that at the time of the entry of the injunctive order under review the mandamus proceeding at which it was directed had already terminated finally and absolutely in the issuance of a mandate on appeal and lapse of time for rehearing. The injunction herein, and the underlying decree in aid of which it was granted, were first brought to the attention of this Court in a second, independent certiorari proceeding necessitated by failure of the trial forum to comply with such mandate. Certiorari granted June 7, 1957, Berger v. Beyerle, supra.
Upon consideration of all the facts and proceedings through that date, the mandate was renewed and the cause remanded for issuance of the peremptory writ, without qualification, requiring transfer of all the controverted stock on corporate records. It is asserted in the instant appeal that this second mandate is as yet unexecuted *631 pending disposition of the instant appeal.
The law is clear that the judgment of an appellate court in a case of that nature is a final judgment in the cause and compliance therewith by the lower court is a purely ministerial act, even to the extent that consent of the appellate court is thereafter required to permit presentation of new matter affecting the cause. State ex rel. Dowling Co. v. Parks, 99 Fla. 1264, 128 So. 837; Hunter v. Kearley, 155 Fla. 222, 19 So.2d 788; Beach Resort Hotel Corp. v. Wieder, Fla., 90 So.2d 52; State ex rel. Mortgage Inv. Foundation, Inc., v. Knott, Fla., 97 So.2d 265. The entry of the mandate in question therefore, in practical effect, left the litigation in a status equivalent to that where a peremptory writ had issued in a mandamus proceeding before a trial court. The power of an appellate court to accomplish this end directly, in event of necessity, is well recognized. F.S. Sec. 59.34, F.S.A.; Bridier v. Burns, 153 Fla. 334, 14 So.2d 719; Kuharske v. Lake County Citrus Sales, Fla., 61 So.2d 495.
It is likewise settled that the equitable power to restrain judicial proceedings is confined to restraint of the parties. "It is not addressed to the court or other tribunal and is in no sense a prohibition on it in the exercise of its jurisdiction." 28 Am.Jur., Injunction, Sec. 191. Annotations, 24 A.L.R. 1090; 122 A.L.R. 1427. The mandate of an appellate tribunal is, of course, directed not to the parties but to the court, and does not require any further act of the litigants to accomplish its performance. Compliance with a mandate for issuance of a peremptory writ by the court cannot, therefore, be lawfully prevented by the injunctive process, and we will assume that the companion case between the parties to this appeal will promptly be disposed of in accordance with our orders therein. Failure to do so would entitle the successful litigant there to apply to this Court in that case for appropriate action.
Even if we assume, upon compliance with the mandate and issuance of the writ, that equitable jurisdiction can under any circumstances be invoked to prevent compliance with such a writ by one who stands in the position of an officer of the court for the purpose of executing its judgment (Mixson v. First National Bank, 102 Fla. 468, 136 So. 258), we are of the opinion that the instant case does not present the requisite grounds for its exercise. 28 Am.Jur., Injunctions, Sec. 193; 43 C.J.S. Injunctions § 43; Scranton Lumber Co. v. Knox, 143 Miss. 643, 109 So. 721. The scope of the issues presented in mandamus are limited in nature, and an order entered therein will, of course, determine only the petitioner's right to performance of the act required of the respondent, in this case the transfer of the stock in question in accordance with the bill of sale. Sec. 55.31, supra. The law of this jurisdiction is that such a bill of sale vests in the purchaser the title of the judgment debtor, and a transfer of such title or interest pursuant to the statute or writ of mandamus predicated thereon would not operate to defeat any rights of third parties duly adjudicated in an independent suit. H.E. Ploof Machinery Co. v. Fourth National Bank of Florida, 67 Fla. 36, 64 So. 360.
The effect of the decree in the instant cause as a final adjudication of the parties' proprietary rights in the stock cannot be avoided. Appellant's success in the mandamus proceedings, however, even assuming that transfer had been made in a proper and timely fashion or will yet be made nunc pro tunc, does not prevent recognition of the equity decree as conferring upon the appellee, J.W. Stewart, superior or supervening title to the stock. He was not a party to the former action, and had no essential interest in the matter there determined: the right of the appellant at that time to a transfer of "all the title of the judgment debtor" in the stock. Sec. 55.31, supra. This appellee's rights were not, in fact, adjudicated until *632 after the entry of judgment in mandamus. Due recognition of that subsequent adjudication, or any rights of third parties not foreclosed by the sheriff's sale, would not require equitable interference with the mandamus proceeding, but are simply matters to be considered or given effect in ultimate disposition of the stock and settlement of the corporate records after compliance with the peremptory writ.
It is obvious that the principles governing use of the injunctive process in this connection are of fundamental importance in the maintenance of an orderly system of law. Therefore, for the reasons above set forth the injunction entered herein is dissolved but without prejudice to the appellees' enforcement of the terms of the underlying final decree by any proper means available, any transfer of the stock on the corporate records being subject to superior claims under such decree.
TERRELL, C.J., and ROBERTS, THORNAL and O'CONNELL, JJ., concur.