DREW, Justice.
The facts of this case amply appear from opinions, upon previous appearances of the parties in this Court.[1]
This appeal is from an order,[2] dated October 14, 1958, which purports to set aside the final decree entered in the cause on September 6, 1955. This decree was *766 never appealed, and the only activity in the proceeding during the interim period was by way of a petition for supplementary injunctive relief which was granted but vacated upon appeal in June 1958.[3]
While, as already indicated, no appeal was taken from the final decree entered in September, 1955, its terms and effect were reviewed in the light of the full record brought here in connection with the ensuing injunction, and the following analysis was made:
“This decree adjudicated, as between all the parties, the issue of title to the 2500 shares of stock in Jafra Steel Corporation, and found that the appellant Berger failed to meet the burden of proof required to prevail over the appellee J. W. Stewart, who held the stock as pledgee. The master’s report upon which the decree was predicated also contained the statement 'that plaintiff elected his remedy and had an adjudication of the matter which is appealable’ in the above mentioned mandamus action. The decree, however, is not put upon this ground, but finds upon the merits that the appellee J. W. Stewart owned the stock in question by virtue of purchasing upon foreclosure of the pledge.”[4]
There is in the record now before us no basis for a contrary finding as to the nature of the decree entered. The recitations of the court in its order vacating that decree are somewhat misleading, but our conclusions hereinafter stated need not be bolstered by a contest over the precise terms or underlying predicate for the decree, or the effect of appellate review of the injunc-tive matter.[5]
The order under consideration shows on its face a fatal insufficiency. The decree assailed was, under firmly established rules of law, beyond the power of the court to alter or set aside by direct action upon the grounds specified, and was, of course, impervious to collateral attack except upon the theory that it was void ab initio.[6]
“In those cases in which the court interferes after the term, to vacate or annul a judgment, the interference can only be justified on the ground that the judgment was procured in such a manner as to indicate that it was not intended to be authorized by the court, or if authorized by the court, that it is nugatory for want of jurisdiction. * * * ” [7] No contention is made that the circumstances surrounding the entry of the decree were such as to affect the court’s jurisdiction to decide the issues then before it, and even if, contrary to record indications, there existed some misapprehension as to the signifiance or effect of related litigation, it would necessarily be an intrinsic and unverifiable judicial “mistake” not subject to change under our cases.[8]
The order is accordingly quashed and the cause remanded with directions that the petition be dismissed.
TERRELL, C. J., and ROBERTS, THORNAL and O’CONNELL, JJ., concur.

. Berger v. Leposky, Fla., 103 So.2d 628; Berger v. Beyerle, Fla., 93 So.2d 67.

. Reading in part as follows:
“This Court, as a Court of equity sitting in chancery feels that from all of the circumstances that have preceded the facts in this case that justice will best be served to all parties by setting aside the Final Decree entered by this Court on September 6, 1955 and giving all parties a full opportunity based upon the facts and the record before this Court at the present time.
“This Court finds that it erroneously and through an error as a matter of law erroneously entered the decree of September 6, 1955 upon the merits that the appellee J. W. Stewart owned the stock in question by virtue .of purchasing upon a foreclosure of the pledge. This as a matter of law and as a matter of fact is incorrect, since the Master in his report based his decision upon the statement ‘that plaintiff elected his remedy and had an adjudication of the matter which is appealable in the above mentioned mandamus action’. The plaintiff did appeal said mandamus action which decision was rendered in favor of the plaintiff herein. See Berger v. Beyerle, Fla., 93 So.2d 67. It appears from the record that the decision of this Court in this ease was predicated upon the decision rendered in the mandamus proceeding and since said mandamus proceeding has been reversed by the Supreme Court of the State of Florida that the Final Decree in this cause should also be set aside and a new trial be had based upon the new decision in the former mandamus suit.”

. See Berger v. Leposky, note 1, supra.

. Ibid., 103 So.2d at page 630.

. See State ex rel. Mortgage Inv. Foundation, Ine. v. Knott, Fla., 97 So.2d 265.

. State ex rel. Coleman v. Williams, 147 Fla. 514, 3 So.2d 152; State ex rel. Lorenz v. Lorenz, 149 Fla. 625, 6 So.2d 620; Sauer v. Sauer, 154 Fla. 827, 19 So.2d 247; Hoffman v. Hoffman, Fla., 92 So.2d 524.

. Freeman on Judgments, 5th ed., Vol. 1, Sec. 196 et seep

. 19 Fla.Jur., Judgments and Decrees, Sec. 474.