WIGGINTON, Chief Judge.
Appellant husband, who was defendant in an action for divorce, has appealed from a post decretal order which denied his motion to bring into the suit by appropriate process additional parties for the purpose of enforcing the provisions of the final decree, and which ex mero motu deleted, vacated and held for naught one of the provisions of the final decree relating to a settlement of the property rights of the parties.
The complaint for divorce filed by plaintiff wife was in the usual form and charged the husband with extreme cruelty. After institution of the suit the parties entered into a written stipulation which constituted an agreed settlement of all claims asserted by each against the other for a division of property, alimony, suit money and attorneys’ fees.
Among other things the stipulation recited that before their marriage the husband had established a trust for the benefit of the wife’s three minor children born of a previous marriage; that the trust was created in contemplation of marriage and continuance of the marriage relationship. By the terms of the stipulation the wife individually and as natural guardian of her three children waived and renounced all right, title and interest in the trust fund and agreed to its cancellation and a return of the corpus of the trust to the husband.
Before the pleadings were closed the wife secured an order from the court permitting her to amend her complaint by adding an additional paragraph to the *755 prayer for relief by which she prayed that the court order a rescission, cancellation and annulment of the declaration of trust and order the trustees therein named to return to defendant the corpus of the trust, together with all accumulations thereto.
The foregoing stipulation was introduced in evidence during the trial and made a part of the record.
By his final decree the chancellor found that the declaration of trust mentioned and described in the stipulation between the parties was predicated solely upon the defendant’s intended marriage to plaintiff, and a continued marriage relationship with plaintiff; that plaintiff is the natural guardian of her minor children who were named as beneficiaries of the trust and that the court had jurisdiction of the declaration of trust and the minor children named as beneficiaries therein. The property settlement agreement set forth in the stipulation between the parties was approved by the court in all respects and fully incorporated and set forth in the decree. The court specifically adjudged the declaration of trust to be rescinded, cancelled, annulled and declared void and the trustees named therein were ordered and authorized to pay to defendant on demand the corpus of the trust estate less any fees or expenses properly deductible therefrom. The final decree granted the wife a divorce from her husband and restored the use of her former name, but jurisdiction of the cause was not retained for any purpose.
Almost nine months after the decree of divorce had become final defendant husband filed in the cause a motion which recited that subsequent to the entry of the decree defendant had made demand upon the trustees named in the declaration of trust for delivery to him of the corpus of the trust estate, but that the trustees had refused to comply with such demands or with the requirements made of them by the terms of the decree. The motion prayed for the entry of an order authorizing process to- be issued and served on the trustees joining them as parties defendant to the suit, and directing that they show cause why they have not complied with the requirements of the final decree and why they should not be required to deliver to defendant the corpus of the trust estate. Although a copy of this motion was served on the wife she failed to respond thereto or assert any objection to the granting of the relief prayed for therein.
Upon consideration of the foregoing motion the chancellor entered a post de-cretal order denying the husband’s motion to bring into the cause as additional parties defendant the trustees named in the declaration of trust but without prejudice to initiate such independent proceedings as to the husband shall seem meet. The order also adjudged ex mero motu that all parts of the final decree theretofore entered in the cause having any bearing upon the declaration of trust involved therein and the cancellation thereof and the payment of the trust fund to defendant be vacated held for naught and deleted from the final decree for the reason that the court was of the opinion that the question of cancellation of the trust was not a proper matter to be considered by the court as an incident of the divorce proceeding.
It thus appears that the only pleading properly before the chancellor for consideration at the time he entered the order appealed was the husband’s motion seeking enforcement of those provisions of the final decree relating to the declaration of trust. No pleadings had been filed by any party in interest attacking the final decree or praying that any provision thereof be vacated, set aside and held for naught. No testimony or evidence relating to the allegations of the motion or to the deleted provisions of the final decree was adduced. The record is devoid of any pleadings or evidence which might form a proper predicate for the court’s action in vacating and *756 setting aside one of the property settlement provisions of the final decree.
In Schraner this court held that a final decree of divoixe closes the suit, and if jurisdiction is not retained by the court, the final decree becomes absolute.[1] In Kurtz the Supreme Court held that due process requires that, after the jurisdiction of the circuit court in a chancery case has been definitely terminated with the entry of a final decree disposing of the controversy and the period for granting a rehearing has expired, whether the case be one for divorce or other relief, before the decree is vacated or set aside on any ground, there shall be instituted some proceeding by petition, motion, bill of review, original bill, or rule to show cause, wherein the parties to the decree assailed are accorded an opportunity to be heard before the court, and to have made of record for appropriate appellate review, if they so desire, any pleadings or evidence upon which they might wish to rely to uphold the decree as originally rendered.[2] In reversing a post decretal order entered sua sponte by the trial court setting aside a final decree of divorce the Supreme Court in Hoffman said: “No suit was properly brought to attack the solemn decree, the proceeding ex mero motu was wholly irregular, and therefore, there was no foundation for the decree setting aside the divorce.” [3]
In Smith the chancellor, in the absence of any bill of review or other pleadings by the parties on which to predicate the same, sua sponte entered an order vacating and setting aside a final decree of divorce. In reversing the post decretal order the Third District Court of Appeal held that “the action of the court vacating the decree sua sponte and in the absence of appropriate pleadings of a party seeking review thereof in the nature of a bill of review, was unauthorized.” [4]
We therefore hold that under the circumstances shown by this record the chancellor was without jurisdiction to enter a post decretal order ex mero motu vacating, deleting and holding for naught those portions of the final decree bearing upon the declaration of trust. That portion of the order appealed purporting to accomplish the foregoing purpose is accordingly reversed.
Appellant also contends that the chancellor erred in denying his motion to bring into the cause by appropriate process the trustees named in the declaration of trust. It is the general rule in Florida that a trustee is an indispensable party to any proceeding affecting the trust estate, unless the trust is passive or inactive.[5] No determination has yet been made by the chancellor as to whether the trust in question falls within the exception to the general rule, so that point is not presently before this court for consideration. However on the state of the record at the time this motion was considered we cannot agree that the action of the chancellor in this regard constituted an abuse of discretion justifying reversal of his order. The denial was without prejudice to the right of appellant to institute an independent proceeding against the trustees for the purpose of requiring compliance with those provisions of the final decree which hold the trust to be void and orders delivery of the trust fund to appellant. Although the provision of the final decree adjudging the trust to be void is res judicata as between appellant husband and appellee wife, both individually and as natural guardian of her minor children, such adjudication is not binding on the trustees who were not made parties to *757 the cause.[6] In any independent proceeding instituted by appellant against the trustees they, as well as any guardian ad litem which may be appointed to represent the interest of the minor beneficiaries, will be privileged to interpose such defenses as they may have to appellant’s contention that the trust is void for a failure of consideration. Such issue may then be resolved by the chancellor upon the pleadings filed and the proofs adduced on behalf of the parties in interest.
Reversed in part and affirmed in part.
STURGIS and CARROLL, DONALD K., JJ., concur.

. Schraner v. Schraner, Fla.App.1959, 110 So.2d 33.

. Kurtz v. Kurtz, 112 Fla. 619, 150 So. 785.

. Hoffman v. Hoffman, Fla.1957, 92 So.2d 524, 525.

. Smith v. Smith, Fla.App.1957, 98 So.2d 897, 898.

. Trueman Fertilizer Co. v. Allison, Fla. 1955, 81 So.2d 734; 33 Fla.Jur., Trusts, Sec. 113.

. Martin v. Arrow Cabs, Fla.App.1958, 107 So.2d 394; Tongblood v. Taylor, Fla.1956, 89 So.2d 503.