POLSTON, J.
O.I.C.L. seeks review of the decision of the Fourth District Court of Appeal in O.I.C.L. v. Department of Children & Families, 169 So.3d 1244 (Fla. 4th DCA 2015), on the ground that it expressly and directly conflicts with the decision of the First District Court of Appeal in In re Y.V., 160 So.3d 576 (Fla. 1st DCA 2015), and the decision of the Third District Court of Appeal in In re T.J., 59 So.3d 1187 (Fla. 3d DCA 2011), regarding the definition of a dependent child under section 39.01 (15)(e), Florida Statutes.[1] However, because the individual in the case under review is now an adult who cannot be adjudicated a dependent child under Florida law, we dismiss this case as moot.
I. BACKGROUND
A private petition for an adjudication of dependency under sections 39.01 (15)(a) and (e), Florida Statutes, was filed in the trial eourt on behalf of O.I.C.L. approximately two and a half months before O.I.C.L.’s 18th birthday. O.I.C.L., 169 So.3d at 1246. The petition alleged that O.I.C.L.’s father abandoned him during his mother’s pregnancy, that his mother neglected him since the age of twelve by failing to provide him with sufficient food and clothing in. Guatemala, and that his mother forced him to leave her home in Guatemala when he turned seventeen. See id. The petition further stated that O.I.C.L. was detained by the federal Office of Refugee Resettlement (ORR) after illegally entering the United States and that ORR later released him to his uncle in Palm Beach County.
After an evidentiary hearing, the trial court denied the petition for child dependency. The trial court ruled that O.I.C.L. did “not qualify as dependent under section 39.01 because he left his Mother in Guatemala and he now resides with and is cared for by his Uncle, against whom there are no allegations of abandonment, abuse, or neglect.”
On appeal, the Fourth District affirmed. Id. The Fourth District ruled that the uncle qualified as a “caregiver” under section 39.01(10), Florida Statutes, because ORR (a government agency that is considered a caregiver) released O.I.C.L. to his uncle, thereby entrusting him to his uncle’s care. Id. at 1247. The Fourth District explained that, “[a]s there were no allegations of abandonment, abuse, or neglect against the uncle, a presumption arose that he was indeed ‘capable of providing [both] supervision and care’ to [O.I.C.L].” Id. at 1248.
Judge Forst dissented in the Fourth District. Although he ■ generally agreed with the majority’s analysis and conclusion, Judge Forst believed that the trial court failed to adequately address whether O.I.C.L. presented a prima facie ease of child dependency under section *578 39.01(15)(e). Id. at 1251 (Forst, J., dissenting).
II. ANALYSIS
O.I.C.L. argues that the Fourth District failed to acknowledge section 39.01(15)(e) as a separate basis for a finding of child dependency. However, we dismiss this ease because the issue of whether O.I.C.L. is a dependent child pursuant to section 39.01(15)(e) is moot.
While the petition for child dependency was filed approximately two months before O.I.C.L.’s 18th birthday, O.I.C.L. reached majority age in 2015. Now that O.I.C.L. is over 18 years old the question of whether O.I.C.L. should be deemed a dependent child pursuant to Florida law is no longer an issue. See Godwin v. State, 593 So.2d 211, 212 (Fla.1992) (“A case is ‘moot’ when it presents no actual controversy or when the issues have ceased to exist.”); Lund v. Dep’t of Health, 708 So.2d 645, 646 (Fla. 1st DCA 1998) (“The general rule in Florida is that a case on appeal becomes moot when a change in circumstances occurs before an appellate court’s decision, thereby making it impossible for the court to provide effectual relief.”).
Chapter 39, Florida Statutes, entitled “Proceedings Relating to Children,” provides no authority for a Florida court to adjudicate an adult living in Florida to be a dependent child of the State. Section 39.001(l)(a), Florida Statutes, explains that the purpose of chapter 39 is “[t]o provide for the care, safety, and protection of children” and “to promote the health and well-being of all children under the state’s care.” Section 39.01(12), Florida Statutes, further provides that “ ‘[cjhild’ or ‘youth’ means any unmarried person under the age of 18 years who has not been emancipated by order of the court.” Moreover, section 39.01(15) clearly specifies that a “ ‘[cjhild who is found to be dependent’ means a child.” Therefore, an individual over the age of 18 fails to satisfy Florida’s statutory definition of a “child” who can be adjudicated a dependent child under any of the grounds listed in section 39.01(15).
“[W]hen a Florida court is presented with a dependency petition, the court’s concern should be whether the allegations made in support of an adjudication of dependency satisfy Florida’s statutory grounds for such an adjudication, not whether the [individual] hopes to obtain [Special Immigrant Juvenile (SIJ)] status.” In re Y.V., 160 So.3d at 581. While “a state court’s adjudication of dependency or other custody determination is the first step in the process of [] obtaining SIJ status,” federal immigration law “then requires additional findings, which may come from any judicial or administrative body.” Id. at 580 (summarizing 8 U.S.C. § 1101(a)(27)(J)). Federal law is clear, however, that “the ultimate decision on the child’s immigration status remains with the federal government through the required consent of the Secretary of Homeland Security.” Id. (relying on 8 U.S.C. § 1101 (a)(27)(J)(iii)); see also Eddie E. v. Super. Ct. of Orange Cty., 234 Cal.App.4th 319, 183 Cal.Rptr.3d 773, 778 (2015) (noting that it is the role of the federal government, not state courts, to determine whether SIJ status is appropriate). Recognizing that the federal government determines immigration status, section 39.5075(6), Florida Statutes (emphasis added), provides that a Florida court may retain jurisdiction over a dependency case until the age of 22 “solely for the purpose of allowing the continued consideration of the [SIJ status] petition and application by federal authorities,” and only “[i]f a petition and application have been filed and the petition and application have not been granted by the time the child reaches 18.”
*579 Accordingly, the fact that obtaining a state court order of child dependency is a first step in potentially securing SIJ status from the federal government at a later date does not change our mootness analysis by transforming the immigration context into a collateral legal consequence. Florida courts simply cannot declare an individual over 18 years of age to be a dependent child under current Florida law.
Citing Roe v. Wade, 410 U.S. 113, 125, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973) (quoting S. Pac. Terminal Co. v. ICC, 219 U.S. 498, 515, 31 S.Ct. 279, 55 L.Ed. 310 (1911)), the dissent claims that mootness should not prevent this Court’s review because these types of petitions are “capable of repetition, yet evading review.” However, petitions for adjudications of dependency can be and are filed on behalf of children, including undocumented children, before the children are about to turn 18 years of age. In fact, the Third District Court of Appeal’s decision in In re B.R.C.M., 182 So.3d 749 (Fla. 3d DCA 2015) (pending review in this Court, SC16-179), addresses an issue that is very similar to the issue in this case, but the Third District’s decision involves a child who is currently less than 18 years of age. Therefore, the legal questions raised are not likely to evade appellate review, and we cannot ignore the mootness of this particular case.
III. CONCLUSION
Because O.I.C.L. is no longer a child as defined in chapter 39 and cannot be adjudicated a dependent child of the State of Florida pursuant to section 39.01(15), we dismiss this case as moot.
It is so ordered.
LEWIS and QUINCE, JJ., concur.
CANADY, J., concurs in result with an opinion.
LABARGA, C.J., dissents with an opinion, in which PARIENTE and PERRY, JJ., concur.

. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.