Forst, J.,
dissenting.
Based on the same rationale as my dissenting opinion in O.I.C.L. v. Department *259 of Children & Families, 169 So.3d 1244, (Fla. 4th DCA 2015) (Forst, J., dissenting), rev. dismissed, No. SC15-1570, 205 So.3d 575 (Fla. Sept. 22, 2016), I respectfully dissent in the instant case. Appellant met her burden of establishing dependency based on being a child with “no parent or legal custodians capable of providing supervision and care.” § 39.01(15)(e), Fla. Stat. (2015). There was undisputed testimony that, before leaving her parents’ home in Guatemala, Appellant had been abused by her father and brother and was unable to turn to her mother for support, as she was also living with and victimized by Appellant’s father. At the time of the dependency hearing, Appellant was receiving “supervision and care” from her sister, with whom she was living in Florida; however, her sister was neither parent nor “legal custodian.”
In contrast to section 39.01(15)(g), the fact that Appellant’s adult sister was a “responsible adult relative currently known and capable of providing the necessary and appropriate supervision and care” is not determinative under section 39.01(15)(e), as the pertinent caregiver there is limited to “parents or legal custodians.” [1] For whatever reason, the lawmakers who drafted section 39.01 chose to limit the definition of “Child who is found to be dependent” in this manner. The trial court, relying upon the majority opinion in O.I.C.L., repeats the mistake of likening “legal custodian” to “caregiver.” In contrast to “caregiver” or “other person responsible for a child’s welfare,” both of which are very expansive in their definition, see §§ 39.01(10), (47), Fla. Stat., “ ‘Legal custody! means a legal status created by a court which vests in a custodian of the person or ■ guardian ....” § 39.01(34), Fla. Stat. (emphasis added). As noted above, Appellant’s sister was neither a parent, guardian, nor legal custodian of Appellant.
The textual discrepancy between sections 39.01(15)(e) and 39.01(15)(g) can be eliminated with little difficulty by the legislature. It would also be easy for a court to do so, but not ■ authorized. See Antonin Scalia & Bryan A. Garner, Reading Law; The Interpretation of Legal Texts 439-40 (2012) (defining “separation of powers” as “[t]he division of' governmental authority into three branches—legislative, executive, and judicial—each with specified duties on which neither of the other branches .can rightfully encroach.”). I would reverse the trial court’s décision and find that Appellant established dependency under section 39.01(15)(e). As such, I dissent.

. Section 39.01(15), Florida Statutes, provides, in pertinent part, " 'Child who is found to be dependent' means a child who, pursuant to this chapter, is found by the court: ... (e) To have no parent or legal custodians capable of providing supervision and care ... or (g) To have been sexually exploited and to have no parent, legal custodian, or. responsible adult relative currently known and capable of providing the necessary and appropriate supervision and care.” (emphasis added).