LABARGA, C.J.
B.R.C.M., a minor child, seeks review of the decision of the Third District Court of Appeal in In re B.R.C.M., 182 So.3d 749 (Fla. 3d DCA 2015), on the ground that it expressly and directly conflicts with the decision of another district court of appeal on a question of law. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.
BACKGROUND
B.R.C.M., an unaccompanied minor from Guatemala, illegally entered the United States at age thirteen and was released by the Office of Refugee Resettlement to his godmother as a sponsor.[1] After his arrival, a private petition was filed on behalf of B.R.C.M. alleging three grounds for adjudication of dependency under section 39.01(15), Florida Statutes (2014), which defines a dependent child as a child who is found by the court: “(a) [t]o have been abandoned, abused, or neglected by the child’s parent or parents or legal custodians”; “(e) [t]o have no parent or legal custodians capable of providing supervision and care”; or “(f) [t]o be at substantial risk of imminent abuse, abandonment, or neglect by the parent or parents or legal custodians.” In support of a determination of dependency, the petition asserted that B.R.C.M.’s father abandoned him at birth and never provided him with food, shelter, clothing, and medical care. The petition asserted that B.R.C.M.’s mother abandoned him at age four when she disappeared and never contacted him again or provided him with basic necessities. B.R.C.M. then went to live with his grandmother until she was no longer able to care for him because of old age and illness. At age thirteen, fearing he would be forced to join a local gang and having no family to care for him, B.R.C.M. fled Guatemala, travelled through Mexico, and entered the United States in Hidalgo, Texas. The petition asserted that B.R.C.M. was placed with his godmother in Miami, Florida, and met his father for the first time after his arrival in the United States. His father has maintained telephone contact with B.R.C.M., but has not provided for the child’s basic needs. The petition was denied after an eight-minute hearing in the *1222 circuit court, during which the court made no factual findings.
On appeal, the Third District repeatedly observed that the child’s sole purpose in filing the dependency petition was to facilitate an application for Special Immigrant Juvenile Status (SUS) and seek lawful permanent residency. In re B.R.C.M., 182 So.3d at 751. The district court determined it was “plain on the face of the petition that B.R.C.M. is not ‘truly’ abandoned, abused or neglected within the meaning of Chapter 39,” and despite acknowledging that “[a] godmother is neither a parent nor legal custodian under the statute,” affirmed the summary denial of the petition. Id. at 751-52, 754. The court concluded: “The purpose of the dependency laws of this state is to protect and serve children and families in need, not those with a different agenda,” Id. at 754 (quoting In re K.B.L.V., 176 So.3d 297, 301 (Fla. 3d DCA 2015) (Shepherd, J., specially concurring)).
ANALYSIS
The Third District’s conclusion—that B.R.C.M. was not entitled to the protections of Chapter 39 because he is not “truly” abandoned, abused, or neglected and that his petition was filed for the sole purpose of seeking an immigration status—expressly conflicts with the decision of the First District in In re Y.V., 160 So.3d 576 (Fla. 1st DCA 2015).
In In re Y.V., the First District reversed the summary dismissal of a private petition for dependency where the petition set forth the applicable grounds for dependency and alleged sufficient facts, warranting an adjudicatory hearing. The First District stated the express purpose of Chapter 39 as set forth by the Legislature; identified the appropriate form and contents of a dependency petition; and recognized that the applicable law, section 39.01(15), Florida Statutes (2013), provides seven independent grounds for adjudicating a child dependent. Id. at 578. Additionally, the First District declared that “[a]n intent to obtain [SIJS] says nothing in and of itself regarding the facial sufficiency of the dependency allegations ... [therefore, a petition for dependency should not be rejected in Florida based on the mere motivation of the petitioner.” Id. at 581.
The purpose of Chapter 39 is “[t]o provide for the care, safety, and protection of children ...; to ensure secure and safe custody; to promote the health and well-being of all children under the state’s care; and to prevent the occurrence of child abuse, neglect, and abandonment.” § 39.001(1)(a), Fla. Stat. (2014). Consistent with this purpose, section 39.01(15) provides seven independent grounds upon which a child may be adjudicated dependent. “[W]hen a Florida court is presented with a dependency petition, the court’s concern should be whether the allegations made in support of an adjudication of dependency satisfy Florida’s statutory grounds for such an adjudication, not whether the [juvenile] hopes to obtain [SUS].” O.I.C.L. v. Dep’t of Children & Families, 205 So.3d 575, 578 (Fla. 2016) (quoting In re Y.V., 160 So.3d at 581). “[I]f a child qualifies for a declaration of dependency under our statutes, the child’s motivation to obtain legal residency ... is irrelevant.” F.L.M. v. Dep’t of Children & Families, 912 So.2d 1264, 1269 (Fla. 4th DCA 2005). Moreover, “[i]f federal law grants a right to alien children to regularize their immigration status by first obtaining a state court adjudication of dependency, then there is no basis for failing to declare a child dependent so long as he or she meets the statutory criteria for dependency.” Id.
In his dissent in In re B.R.C.M., Judge Salter identified the trend toward summary denials of dependency petitions by *1223 immigrant juveniles based on a belief or conclusion that the juveniles are not entitled to adjudicative findings because they are only seeking immigration relief, not state assistance following abuse, abandonment, or neglect. 182 So.3d at 764 (Salter, J., dissenting). The dissent observed: “the recent spate of summary denial orders in the trial court and per curiam affirmances in [the Third District] suggest a categorical rejection of such petitions rather than the usual individualized evidentiary hearings and written findings of fact.” Id. (Salter, J., dissenting). We disapprove of the categorical summary denial of dependency petitions filed by immigrant juveniles, and find no authority in the statutory scheme that allows for dismissal or denial without factual findings by the circuit court.
In this case, the dependency petition was filed on behalf of B.R.C.M. by next friends having personal knowledge of the facts alleged, in accordance with Florida dependency law and procedure.[2] The petition asserted three grounds for dependency under section 39.01(15), and alleged sufficient facts, establishing a prima facie case.[3] Nonetheless, the Department of Children and Families did not investigate the allegations in the petition, and it was denied after a brief hearing in which no evidence was presented and no fact-finding resulted. See id. at 755-56 (Salter, J., dissenting).
When a petition for dependency alleges specific facts supporting a finding of dependency under any of the seven statutory grounds, the circuit court must make individualized factual findings and apply the law to the facts in order to make a proper adjudication of dependency. See id. at 766 (Salter, J., dissenting) (“Florida circuit courts should enter findings of fact and conclusions of law that address each juvenile petitioner’s individual claims,”). “If the petition states a prima facie case, the petitioner should be permitted to introduce evidence in support of his or her claims, and the court should enter specific adjudicative findings responsive to the issues presented by the petition and the evidentiary record.” Id. (Salter, J., dissenting). If a child meets the statutory criteria for dependency, the child must be adjudicated accordingly, regardless of the child’s motivations for seeking a dependency adjudication. Whether the petition seeks an adjudication to assist the child in applying for an immigration status under federal law is not a basis for summarily dismissing or denying the petition. See id. at 755 (Salter, J., dissenting). The determination of whether an immigrant juvenile may obtain SIJS is reserved for the federal immigration authorities. See In re Y.V., 160 So.3d at 581.
Because the Third District approved the summary denial of B.R.C.M.’s petition on the basis that his purpose was to seek lawful permanent residency, and determined that he was not “truly” needy without any factual record or evidence regarding the child’s circumstances, we quash the decision below.
CONCLUSION
We agree with the dissent below that “B.R.C.M.’s ‘private petition’ for dependency ... warrants individualized consid *1224 eration and adjudication rather than summary denial.” In re B.R.C.M., 182 So.3d at 754-55 (Salter, J., dissenting). Accordingly, we quash the decision of the Third District and remand the case for further proceedings consistent with this opinion.
It is so ordered.
PARIENTE, J., concurs.
LAWSON, J., concurs specially with an opinion.
LEWIS, J., concurs in result with an opinion.
CANADY, J., dissents with an opinion, in which QUINCE and POLSTON, JJ., concur.

. We recognize that B.R.C.M. appears to reside with his godmother, who as a sponsor, is entrusted with his care and custody by the federal government. The sponsor care agreement encourages sponsors who are neither parents nor legal guardians to establish legal guardianship with the local court. We observe that Florida courts have exclusive jurisdiction of all proceedings relating to child welfare. An adjudication of dependency would not preclude B.R.C.M, from continued care by his godmother, but would ensure appropriate placement for the child, consistent with the permanency goals of Chapter 39 of the Florida Statutes.

. "All proceedings seeking an adjudication that a child is dependent shall be initiated by the filing of a petition by an attorney for the department, or any other person who has knowledge of the facts alleged or is informed of them and believes that they are true.” § 39.501(1), Fla. Stat. (2014). See Fla. R. Juv. P. 8.201(a)(2).

. Each dependency petition shall "allege sufficient facts showing the child to be dependent based upon applicable law.” Fla. R. Juv. P. 8.310(a)(1).