# Third District Court of Appeal

## State of Florida

Opinion filed July 11, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2365
Lower Tribunal No. 16-22013
_____

**Luis Gerardo Vazquez Calderón, a/k/a Luis Vazquez,**
Appellant,

vs.

**Juan Vazquez,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Antonio Marin, Judge.

Warren Gammill & Associates, and Warren P. Gammill, for appellant.

Pardo Jackson Gainsburg, and Nicole R. Rekant and Stevan J. Pardo, for appellee.

Before SALTER, EMAS and LOGUE, JJ.

SALTER, J.

Luis Vazquez ("Luis") appeals a circuit court order dismissing his amended complaint with prejudice. The appellee here and defendant in the trial court is Luis's uncle, Juan Vazquez ("Juan"). The amended complaint alleges six counts relating to the proceeds of a $120,000.00 life insurance policy on the life of Luis's father, René Vazquez ("René"; Juan's brother). We reverse the order dismissing the amended complaint with prejudice.

We review a final order dismissing a complaint with prejudice under the de novo standard of review. In doing so, we assume all of the allegations in the complaint are true. We construe all reasonable inferences from the allegations in favor of Luis. United Auto. Ins. Co. v. Law Offices of Michael I. Libman, 46 So. 3d 1101, 1103-04 (Fla. 3d DCA 2010). The recitation which follows consists of allegations by Luis in the amended complaint, which are subject to proof and to defenses that may be raised by Juan.

In 2003, René was living in Michigan and working at a business owned by Juan. René's wife, Sulma Vazquez ("Sulma"), and Luis were in their home country, Bolivia, caring for Sulma's father, who was ill. During the time he was working in Michigan, René obtained a Fortis Benefits Insurance Company life insurance policy for $120,000.00 on his life (the "Policy"). Although René designated his brother Juan as the beneficiary of

the Policy, he made it clear to Juan that the proceeds of the Policy were to be held in trust by Juan for Sulma and Luis for their education and living expenses after René's death.

René also left a Last Will and Testament signed in La Paz, Bolivia, in September 2003 (the "Bolivian Will"). A translation of the Bolivian Will by a court-certified interpreter included these provisions:

> I [René] . . . in my role as husband and father, being of sound mind, without any defects in consent, prepare this will in favor of my wife [Sulma] . . . and of my son [Luis], so that they can benefit from all the assets I possess or may acquire in the future, furthermore I declare that I have obtained a Life Insurance in the United States of North America in the Company FORTIS BENEFITS INSURANCE COMPANY, for the amount of US$120,000 (ONE HUNDRED TWENTY THOUSAND US DOLLARS) being the only beneficiaries my wife and my son aforementioned for the purpose of assuring the Education Living Expenses of both of them . . . .

The amended complaint further alleges that René passed away in late 2003, and Juan received the full proceeds of the Policy from Fortis Benefits in 2004. Juan and his wife placed approximately $46,000.00 of those proceeds in an investment account at Banc One Securities Corporation; they named Luis as the sole beneficiary of the money in the account.

As Luis grew up, Juan repeatedly acknowledged that the proceeds of the Policy were intended to be used for Luis's education. In 2012, at Luis's and Sulma's request, Juan sent $20,000.00 of the Policy proceeds to Sulma

3

in Bolivia. Half of the funds were used for Luis's education, and the other half was used to fix up his home.

Sulma executed a written assignment to Luis of her rights in, and claims to, the Policy proceeds before the lawsuit was filed. In the fall of 2014, Sulma and Luis asked Juan to deliver the balance of the proceeds to Luis to pay for his college education. "Juan has repeatedly promised that he would remit the funds to Luis," but in 2015 Juan refused to pay the remaining proceeds to Luis. Juan claimed instead that the funds are his. Luis filed the lawsuit in 2016, filing an amended complaint (as of right) a week after the initial complaint.

Juan moved to dismiss the amended complaint, (a) alleging facts outside the amended complaint (the payment of $70,000.00 in death benefits from a second insurance policy on René's life directly to Sulma, as the designated beneficiary) and (b) contending that the one-page purported Bolivian will was fatally inconsistent with the conceded designation by René of Juan as his beneficiary under the Policy, such that further amendment would be futile.

The trial court agreed, dismissing the amended complaint with prejudice. This appeal followed.

4

Cases cited by Juan's counsel, particularly <u>Brown v. Di Petta</u>, 448 So. 2d 561, 562 (Fla. 3d DCA 1984), do indeed hold that under Florida law, "a beneficiary under a life insurance policy may be changed only by strict compliance with the conditions set forth in the policy," and proof that an insured merely intended to change the beneficiary is insufficient to accomplish such a change.[1] But that is not the issue presented here.

The issue presented here is whether Juan, whether by agreement or operation of law, became a trustee with respect to the <u>proceeds</u> paid over to him as designated beneficiary. The elements of such a trust or an equitable lien—in a strikingly similar case—are detailed in <u>In re Maurer</u>, 267 B.R. 639, 651-53 (Bankr. M.D. Fla. 2001). In that case, as here, the owner of the policy sought to provide for minor children. The owner designated an adult relative as beneficiary to receive the policy proceeds for the benefit of the children. Florida's statutory Trust Code expressly allows the creation of oral trusts, though the terms of such a trust must be established by "clear and convincing evidence." § 736.0407, Fla. Stat. (2017).

Parol evidence may establish a trust in personal property. <u>In re Estate of Pearce</u>, 481 So. 2d 69 (Fla. 4th DCA 1986); <u>Rosen v. Rosen</u>, 167 So. 2d

---

[1] <u>But see</u> § 732.703, Fla. Stat. (2017), originally enacted in 2012 to address the effects of a dissolution of marriage upon certain pre-dissolution designations of beneficiary by one of the former spouses in favor of the other former spouse.

70 (Fla. 3d DCA 1964) (trust imposed on life insurance proceeds for the benefit of the insured's minor children).

Nor is the purported Bolivian Will facially or fatally inconsistent with the Policy's beneficiary designation at the time of René's death. That document expresses an intention to benefit Sulma and Luis, not Juan. The term "beneficiaries" may refer to the beneficiaries of his will or the oral trust rather than the beneficiary to receive the proceeds from the insurer initially upon René's death.

It follows that Luis's position is well taken, and the order of dismissal with prejudice must be reversed and remanded for further proceedings. We reiterate that the allegations in the amended complaint remain to be proven, and Juan remains free to raise affirmative defenses to the causes of action enumerated in the amended complaint.

Reversed and remanded for further proceedings.