# Third District Court of Appeal

## State of Florida

Opinion filed February 6, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1742
Lower Tribunal No. 17-7005
_____


**Juan Tiu Mendez,**
Appellant,

vs.

**Nila Mendez Lopez and Miguel Tiu Mendez,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Bernard S. Shapiro, Judge.

University of Miami School of Law Children & Youth Law Clinic and Robert Latham and Cari Lieberman, Certified Legal Intern, for appellant.

No Appearances, for appellees.

Before EMAS, C.J., and FERNANDEZ and SCALES, JJ.

FERNANDEZ, J.

Juan Tiu Mendez appeals the dismissal of his petition for temporary custody of his minor sister, pursuant to chapter 751, Florida Statutes (2017). The trial court

both denied and dismissed the petition with prejudice on grounds unrelated to the petition's legal sufficiency. Specifically, the trial court cited the following reasons for dismissal in the order on appeal:

1. That almost identical allegations of abuse by the minor child's parents in the home country (Guatemala) have been seen previously in other similar Petitions.
2. That in each, the terribly abusive offenders have somehow been convinced to sign consents basically admitting to these terrible acts, giving up their parental rights and surrendering custody to a family member residing in the United States.
3. That there are certain immigration benefits to these Petitions being granted in circumvention of existing immigration laws.

Because we hold that the chapter 751 petition was legally sufficient, we reverse and remand to the trial court.

The standard of review of a final order dismissing a petition with prejudice is *de novo*. Calderon v. Vazquez, 251 So. 3d 303, 304 (Fla. 3d DCA 2018); J.W.T. v. S.T., 974 So. 2d 436, 437 (Fla. 2d DCA 2007).

Section 751.01, Florida Statutes, provides that the purpose of chapter 751 is, among other things, to provide for the welfare of the minor child who is living with extended family members. Specifically, the chapter recognizes that the care being extended to the child is by an extended family member, and therefore, the child is not a dependent child. Section 751.02 provides that any extended family member who has the signed, notarized consent of the child's legal parents or who is caring

2

full time for the child in the role of substitute parent, and with whom the child is living, may bring a proceeding in the circuit court to determine the temporary or concurrent custody of the minor child. Finally, section 751.03 establishes the required contents of a petition for temporary or concurrent custody.

Our review of the petition establishes that the petition is legally sufficient and complies with the requirements of section 751.03. Appellant has attached the consent of each parent to the petition. The parents did not waive their parental rights or consent to the determination of dependency for the minor child and reserve the right to re-establish their custody of the minor child on proper petition to the court.

In fact, although alleged in the petition, neither abuse, abandonment, nor neglect is at issue in this case because the parents have consented to custody. Section 751.05 requires the trial court to conduct a hearing on the petition and requires the court to "hear the evidence concerning a minor child's need for care by the petitioner, all other matters required to be set forth in the petition, and the objections or other testimony of the child's parents, if present." § 751.05(1), Fla. Stat. (2017). It further provides that "[u]nless the minor child's parents object, the court shall award temporary or concurrent custody of the child to the petitioner if it is in the best interest of the child." § 751.05(2), Fla. Stat. (2017). The section also provides that, if the minor child's parents object to the petition for concurrent custody, the court shall provide petitioner an opportunity to convert the petition to a petition for

3

temporary custody. Petitioner would then be required to prove, by clear and convincing evidence, that the child's parents are unfit to provide for the care and control of the child, in which case the court must find that the parent or parents have abused, abandoned, or neglected the child, as defined in chapter 39, Florida Statutes (2017). § 751.05(3)(a)-(b). Because the petition in the underlying case has been consented to by the parents, this extra step is unnecessary, and the trial court is under no obligation to determine whether the child has been abused, abandoned, or neglected, or whether the child is dependent.

Finally, it is a basic precept of our system of justice that each and every case must be determined on the facts and the law that apply to that particular case. Generalized conclusions extraneous to the case, or to the law that applies to the case, are not a proper basis for a judicial determination of the merits. Although not a chapter 39 case, this case nevertheless deserves the individualized consideration discussed by the Florida Supreme Court in B.R.C.M. v. Florida Department of Children and Families, 215 So. 3d 1219 (Fla. 2017). Specifically, because the chapter 751 petition was legally sufficient, the trial court must decide the petition on the merits, consistent with the provisions and requirements of chapter 751. Accordingly, we reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.