D. J. BRIDIER, *et al.*, v. J. H. BURNS, *et al.*
4 So. (2nd) 853
En Banc
Opinion Filed December 2, 1941

*J. Lewis Hall* and *B. F. Brass,* for Appellants;

*Hull, Landis & Whitehair,* and *J. Compton French,* for Intervenors, Clive Hansard and Olivia Hansard, Appellees.

### On Motion for Modification

CHAPMAN, J.—On November 4, 1941, an order here was entered, upon a petition of H. E. Orr, successor by deed to the interests of D. J. Bridier and wife, Grace D. Bridier, owners of the equity of redemption of the mortgaged premises here involved, and the order directed the lower court to immediately effectuate the mandate previously issued in the case of Bridier v. Burns, 145 Fla. 642, 200 So. 355. On November 12, 1941, since the entry of the aforesaid order, H. E. Orr, owner of the equity of redemption of the mortgaged premises, by counsel, here presented a motion for a modification of the order dated November 4, 1941. This Court heard oral argument on the motion for modification presented by counsel for the respective parties, and in addition thereto briefs were filed in support of the respective contentions.

Counsel, in support of the motion for modification, emphasized and pointed to a term of an order dated May 20, 1941, entered by the chancellor below, after the going down of the mandate, in which it is contended that the chancellor is proceeding in the cause in contravention of the terms and provisions of the mandate when the said order denied the petition of H. E. Orr, owner of the equity of redemption, a restoration to him of the said mortgaged premises. Clive Hansard and wife, Olivia Hansard, it appears from the record, went into the possession of the mortgaged premises as purchasers at the Master's sale under a Master's deed. The order of confirmation and delivery of the special Master's deed were held void and invalid on appeal to this Court. See Bridier v. Burns, *supra*.

When a foreclosure sale is set aside by an order of court for any fatal irregularity, the title acquired by the purchaser is thereby vacated. The law subrogates the purchaser at the void foreclosure sale to all the rights of the mortgagee in the indebtedness and the mortgage securing the payment of the same. The mortgage and final decree are not affected by the void sale. The rule is succinctly stated in Quinn Plumbing Co. Inc. v. New Miami Shores Corp., 100 Fla. 413, 129 So. 690, where we held:

"It is well established in this jurisdiction that the purchaser of mortgaged property at a foreclosure sale, when for any reason the foreclosure proceedings are imperfect or irregular, becomes subrogated to all the rights of the mortgagee in such mortgage and to the indebtedness that it secured. Such purchaser becomes virtually an equitable assignee of the mortgage and of the debt it secured, with all rights of the original mortgage, and becomes entitled to an action *de novo* for the foreclosure of such mortgage against all parties holding junior encumbrances who were omitted as parties to the foreclosure proceedings under which the purchaser bought. Crystal R. Lbr. Co. v. Knight Turp. Co., 69 Fla. 288, 67 So. R. 974, Ann Cas. 1917D 574; Key West Wharf Co. v. Porter, 63 Fla. 448, 58 So. R. 599, Ann. Cas. 1914A 173; Meyer v. Florida Home Finders, (90 Fla. 128), 105 So. R. 267; Jordan v. Sayre, 29 Fla. 100, 10 So. R. 823. See also Dutcher v. Hobby, 12 S.E.R. 356, 10 L.R.A. 472, 22 A.S.R. 444; Johns v. Wilson, 180 U. S. 440, 45 L. Ed. 613; Burns v. Hiatt, 87 Pac. R. 196, 117 A.S.R. 157, 19 R.C.L. 635, 452."

When the Special Master's deed and the order

confirming the delivery thereof were held invalid, the owner of the equity of the redemption was entitled, in the absence of some lawful reason, to the possession of the mortgaged premises. The petition filed in the lower court for an order of restitution appears to be fully sustained by the record and it was error on the part of the chancellor to deny said petition. The conveyance of an undivided interest by the owner of the equity of redemption is not a sufficient legal reason for denying the order of restoration of the mortgaged premises.

The rule was clearly stated in the case of Maxwell v. Jacksonville Loan & Impr. Co., 45 Fla. 468, 34 So. 255, when we held: ". . . There is no doubt of the proposition that on the reversal of a judgment or decree, the law raises an obligation in the party to the record, who has received the benefit of the erroneous judgment or decree, to make restitution to the other party 'for what he has lost, the mode for effecting restitution to be varied according to circumstances.' 18 Ency. Pl. & Pr. 885; Bank of the United States v. Bank of Washington, 6 Peters, 8; Walker v. Sarven, 41 Fla. 210, 25 South. Rep. 885; Mathews v. Williams, 13 Fla. 615; Anderson v. Thum, 71 Fed. Rep. 763; Flemings v. Reddick's Exr. 5 Gratt. 272; Marks v. Cowles, 61 Ala. 299. It might be the duty of this court, in a perfectly plain case, where there could be no dispute about the facts, to cause restitution to be made to a party entitled to it, but in a case like the one presented in the petition we think application should be made in the first instance to the court which rendered the decree that has been reversed. It is the duty of that court upon the proper application by petition or motion to investigate the facts,

and by proper order cause the appellants to be restored to all things which they have lost by reason of the decree which has been reversed. . ."

In the case of Macfarlane v. Macfarlane, 50 Fla. 570, 39 So. 995, this Court held under a situation similar to the facts involved in the case at bar that the owner should by appropriate order be restored to the possession of the mortgaged premises.

The rule *supra* enunciated by this Court is in line with Jones on Mortgages, Vol. 3 (8th Ed.) pages 678-80, par. 2154, when it was said:

"2154 (1681). EFFECT OF SETTING ASIDE SALE-PURCHASER PROTECTED AND REIMBURSED FOR IMPROVEMENTS.—When a sale is set aside by order of court the title of the purchaser is vacated, and the mortgage is restored to the same position it occupied before the proceedings were commenced, without any affirmative judgment of the court. The satisfaction of the mortgage debt caused by the sale is also vacated. The mortgage cannot be deemed to be paid or the lien upon the premises in any way impaired. The purchaser also is entitled to be put into the same situation he was before the purchase, and is entitled to reimbursement for any money paid on the purchase, and for taxes paid on the premises. When the judgment in foreclosure is vacated, and the purchaser's title annullled, the money received by him from a party in possession should be applied in reduction of the amount due on the mortgage. If the sale be set aside, a purchaser who has entered into possession is held to account for the rents and profits received by him while in possession, for the benefit of the mortgagor or owner of the equity. In like manner, in case a person interested in the

property was not made a party to the suit, and consequently redeems it after the sale, the purchaser becomes liable to account for the rents and profits; and he is under the same liability in case he forecloses the outstanding incumbrance by another suit. He acquires by the sale in such case only the rights of a mortgagee in possession.

"If the purchaser in good faith relying upon the validity of the title obtained by him under the mortgage sale makes improvements of the property and the mortgagor is allowed to redeem because the foreclosure is invalid, the purchaser should be allowed the sums so expended by him so far as the value of the property has thereby been increased.

"Where after confirmation of a foreclosure sale the purchaser had mortgaged the premises, a resale should not be ordered without requiring a proper undertaking, to be approved by the court, to save the purchaser harmless from liability on the covenants in the mortgage and the undertaking in the note."

Counsel for movant insist that the order of November 4, 1941, should be modified, because, as it now stands, confusion and uncertainty exist and it creates a hardship on all the parties; that the Hansards, if a resale is had immediately, will become because of the circumstances, preferred bidders, and possess an advantage over all others in that they went into the possession of the property and collected large sums of money in the form of rents and profits; claim and assert large sums of money are due them for betterments to the property made in good faith, and that an adjudication thereof by a court has not been had or the amount made known to other bidders; that all bidders at the resale should stand on the same level

and a decree of the court determining the respective conflicting items should be entered, after all the evidence is adduced, and in this manner no preference will be allowed any particular bidder over others. We think there is merit to this contention. An accounting should be had on the part of the Hansards and the exact amount decreed due and payable, if any, in addition to the amount due under the terms of the final decree dated December 8, 1939, now absolute; and that all relevant, disputed and conflicting items or claims now existing between the parties incident and material to the foreclosure proceedings should be determined and set at rest by a decree of the court prior to a resale of the mortgaged premises.

The motion for a modification of our previous order herein dated November 4, 1941, is hereby granted and the chancellor below is directed (a) to carry out the mandate of this Court previously issued in this cause and in so doing he is hereby directed to make and enter an order *instanter* restoring the possession of the mortgaged premises to H. E. Orr, the owner of the equity of redemption, and to issue process necessary to render effective the order of restoration.

The chancellor below is further directed (b) to make and enter an order requiring the parties to file pleadings, thereby arriving at issues as to the credits and debits which have accrued since the entry of the final decree and thereafter hear all the evidence and testimony that may be adduced by the respective parties; and, after notice to and hearing of counsel, make and enter such a decree as shall be determinative of and place at rest all the lawfully relevant, disputed, and conflicting items or claims now existing

between the parties incidental and material to or growing out of the mortgage foreclosure proceedings.

The chancellor below is directed to make and enter the orders referred to herein and designated under (a) and (b) prior to the entry of an order directing a re-sale by the Master of the mortgaged property under the final decree dated December 9, 1939, now absolute.

The several terms and provisions of our former order in this cause dated November 4, 1941, in derogation of or in conflict herewith are hereby reversed, altered, amended, and modified so as to conform with this said order.

It is so ordered.

WHITFIELD, TERRELL and BUFORD, J. J. concur.

BROWN, C. J., THOMAS and ADAMS, J. J., dissent.

PER CURIAM.—On consideration of Petition for Modification of our Order and Decree filed December 2, 1941, it is ordered and adjudged that that part of our Order and Decree reading as follows, to-wit:

"The motion for a modification of our previous order herein dated November 4, 1941, is hereby granted and the chancellor below is directed (a) to carry out the mandate of this Court previously issued in this cause and in so doing he is hereby directed to make and enter an order instanter restoring the possession of the mortgaged premises to H. E. Orr, the owner of the equity of redemption, and to issue process necessary to render effective the order of restoration," be, and it is modified and amended by adding the following language: Said Order of restitution shall be so made as to provide that until a resale of the property is actually had the tenancy of the tenants

now occupying the store buildings involved may continue, provided, however, the Intervenors and the other tenants of the store rooms shall pay into the registry of the court such reasonable rental for the premises occupied by them respectively as shall be determined by the lower court. But, such rental shall not be less than the present rental charged for such store buildings except as to rentals on the store room which is occupied by the Intervenor and upon that store room the rental required to be paid shall be based on the square foot space occupied and shall be not less than the rental now being required of and paid by any other tenant as based upon the square foot floor space occupied by such other tenant; Provided, also that if any rentals have accrued or become payable and have been paid since December 1, 1941, from any of the tenants to any party to this suit, or to any attorney of record, on any of the store rooms located on the property the subject of this litigation, the same shall be paid over by the party receiving the same to the registry of the Circuit Court. And Provided, further, that the said rentals shall be held in the registry of the Circuit Court until final disposition of the cause and shall then, under Order of the court, be paid to such person or persons as the court by its decree may direct.

So ordered.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD, and CHAPMAN, J. J., concur.

THOMAS, and ADAMS, J. J., dissent.

THOMAS, J. dissenting.—I dissent from the order because I feel that it would be more practical in the present litigation to follow the one we entered the

4th day of November, 1941, and allow the sale to proceed with authority to the chancellor meanwhile, if he saw fit, to place a receiver in charge of the property for the purpose of collecting the income and holding the receipts pending the distribution of the proceeds of the sale and the rents in accordance with the rights of the parties as they then appeared. I can see no difficulty to a determination by the court of the amount required to redeem before confirmation of the sale and if any doubt does exist about the exact amount required for redemption it seems to me that could be easily determined upon a simple application to the chancellor.