D. J. BRIDIER, et al., v. J. H. BURNS, et al.

7 So. (2nd) 142 En Banc

March 27, 1942

H. E. Orr, in Proper Person, for appellants.

Hull, Landis & Whitehair, and J. Compton French, for Intervenors and for Clive Hansard and Olivia Hansard, appellees.

ORDER

PER CURIAM:

On December 8, 1941, this Court entered an order in the above styled cause, the essential part of which directed the trial court to restore possession of the premises involved to H. E. Orr immediately, to fix a fair rental on the properties, and to require it to be paid into the registry of the court pending final disposition of the cause.

After more than three months, the cause is again before us on petition of H. E. Orr in person praying that our order of December 8th be carried out. He represents in his petition that he has never been restored to possession of his premises, that nothing has been done in the matter of fixing the rental value of his properties except to refer it to another to take evidence, that some of the tenants are not paying any rents for the use of the properties occupied by them, that others have abandoned the properties and left them in a wrecked and unusable condition, that his attorney B. F. Brass has asked leave to withdraw from the case as of March 14th, that his attorney Walter Hardesty broke into one of his properties and collected rents therefor and that said attorneys Brass and Hardesty conspired to trump up charges against him and have him put in jail for no reason whatever.

We find nothing whatever to support such charge or any charge whatever against attorney B. F. Brass;

in fact, he is known to this Court as a gentleman and an attorney of high character and standing and worthy the confidence of the bar and the public.

The Order of this Court of December 8th meant that Orr be given possession at once. If the proper charge for rents had to be determined, that was an after consideration.

Section 4637, Compiled General Laws of 1927, makes it the duty of this Court to reverse or affirm the judgment of the court below or give instruction as to what judgment should be entered or to enter such judgment or decree as the court below ought to have entered. It is accordingly Ordered, Adjudged, and Decreed that petitioner H. E. Orr be and he is hereby placed in full possession of the premises involved in this litigation at once, that this Order be the evidence of his possession and authority to any one who may be in possession of all or any part of said premises to recognize the right of possession of H. E. Orr therein and to turn over the premises to him.

It is further Ordered that all persons who have heretofore exercised any right over the said premises be and they are hereby restrained from interfering with the possession of H. E. Orr, that the said Orr is hereby authorized and directed to rent said properties at the best terms that can be secured, to collect any and all rents now or hereafter to become due thereon and place the same in the registry of the circuit court, after paying insurance and restoring the premises to rentable condition, such rentals so collected and placed in the registry of the court there to hold subject to the terms and conditions of our said order of December 8, 1941. The Clerk of the Circuit Court is hereby authorized to pay the insurance

premium secured by B. F. Brass on said premises to the amount of $211.17.

TERRELL, WHITFIELD, BUFORD and CHAPMAN, JJ., concur.

BROWN, C. J., concurs in conclusion.

THOMAS and ADAMS, JJ., dissent.

THOMAS, J.:

I adhere to the view expressed in my dissenting opinion filed 8 December 1941.

ADAMS, J., concurs.