**D. J. BRIDIER, et al., v. J. H. BURNS, et al.**

14 So. (2nd) 719          June Term, 1943
July 21, 1943          Division A

*Walter J. Hardesty,* for petitioner.

PER CURIAM:

It appears from communication and prayer for direction from the Circuit Court of Volusia County, Florida, presented by the Honorable George W. Jackson, circuit judge, that certain aggrieved parties to the cause have presented to the said Circuit Court their petition praying for the enforcement of that certain order entered by this Court in the above styled and entitled cause on the 27th day of March, 1942, 150 Fla. 238, 7 So. (2nd) 142.

The Circuit Court, through one of its judges, has requested directions as to the power and jurisdiction of the Circuit Court to hear and determine the matters presented by the said petition and to enter orders and judgments pursuant thereto.

It appears to us that confusion has arisen by reason of the erroneous assumption that this Court made its order referred to in the exercise of original jurisdiction direct to the parties to the litigation. Such is not the case. The Supreme Court in its opinion and judgment of December 2, 1941, as modified by its per curiam order appended thereto, 148 Fla. 587, 4 So. (2nd) 853, directed the Circuit Court to make and enter certain orders. When and if those orders had been made pursuant to such instruction they would have been the orders and judgments of the circuit court. The power to enforce the provisions of such orders lies in the circuit court, subject, of course, to review by the Supreme Court under applicable procedure.

It appears, however, that the Supreme Court did on March 27, 1942, 150 Fla. 238, 7 So. (2nd) 142, in the exercise of its appellate jurisdiction under Section 4637 C.G.L., enter its direct judgment and order directed to the parties because it

was made to appear that the circuit court had failed to comply with the previous order of the Court in this regard. When that order was entered in the circuit court it became an order and judgment of the circuit court, as well as remaining an order and judgment of the Supreme Court.

The premises considered, it is now Ordered and Adjudged that the Circuit Court of Volusia County, Florida, be and is vested with full jurisdiction and authority to consider and act upon the petition presented and all matters which may be presented in connection therewith, as fully and to the same effect as if the order of this Court of March 27, 1942, supra, had been the original order of the Circuit Court.

So ordered.

BUFORD, C. J., TERRELL, CHAPMAN and ADAMS, JJ., concur.