**TRUEMAN FERTILIZER COMPANY, et al., v. ANDREW LESTER, JR.**

20 So. (2nd) 349                                    June Term, 1944
December 15, 1944                                   Division A
Rehearing denied January 13, 1945

*Carroll Dunscombe,* for appellant.

*T. T. Oughterson,* for appellee.

CHAPMAN, J.:

The record in this case discloses that A. M. Babcock was on January 21, 1928, and prior thereto, the owner of described real estate situated in the City of Stuart, Martin County, Florida. It appears that she was a free dealer and on the aforesaid date mortgaged the property to Benjamin Hogg for the sum of $10,000.00, which mortgage was in lawful form and duly recorded among the public records of Martin County on January 30, 1928.

On February 5, 1930, the Trueman Fertilizer Company acquired a judgment in the Circuit Court of Martin County against A. M. Babcock, a free dealer, for the sum of $2,155.50, and on February 7, 1930, the said judgment was recorded in the Circuit Court Minute Book One at page 228 of the public records of Martin County, Florida. Execution at law issued on the judgment and placed in the hands of the Sheriff of Martin County. The Trueman Fertilizer Company assigned the aforesaid judgment to Benjamin Hogg under date of July 5, 1930, and the assignment was recorded July 5, 1930, in Satisfaction Book One, page 33 of the public records of Martin County, Florida.

On March 2, 1930, Benjamin Hogg assigned the Trueman Fertilizer Company v. A. M. Babcock judgment to Carroll Dunscombe and the assignment was recorded in Satisfaction of Judgment Book One, at page 143, on February 1, 1939, in the public records of Martin County. Carroll Dunscombe is now the owner of the Trueman Fertilizer Company judgment and a levy under the judgment was made on the property

*supra*, of A. M. Babcock. The circuit court enjoined or restrained the sale of the property advertised for sale under the aforesaid execution on the rule day in September, 1941.

On October 22, 1930, Benjamin Hogg filed a foreclosure of the Babcock mortgage in the Federal District Court and on June 5, 1931 obtained a final decree. Carroll Dunscombe, owner of the Trueman Fertilizer Company judgment, was not made a party to the foreclosure suit. On June 25, 1931, Benjamin Hogg transferred and assigned all of his interest in the aforesaid foreclosure decree to Newman T. Miller and the assignment was recorded in Book One, page 74 of the public records of Martin County. Miller acquired a master's deed to the involved property at a sale held on July 6, 1931. The sale of the property by the Master and delivery of the master's deed were confirmed by an order of the Federal District Court under date of May 26, 1933. The property was bought at the sale by Miller for the sum of $6,000.00, leaving the sum of $7,413.36, balance due on the final decree to Miller.

On August 24, 1933, Newman T. Miller and wife by warranty deed conveyed the mortgaged property to Andrew Lester, Sr., and Andrew Lester, Jr., appellee, upon the death of his parents, being their sole heir, became the owner of the involved property and has been in the undisputed possession thereof since 1933. Andrew Lester, Jr., on February 2, 1942, filed an amended bill of complaint in which Carroll Dunscombe was made a party because of his ownership of the judgment of Trueman Fertilizer Company v. Babcock, *supra*. The amended bill of complaint sought a reforeclosure of the mortgage dated January 21, 1928, from A. M. Babcock, a free dealer, to Benjamin Hogg, and prayed for relief against Carroll Dunscombe, owner of the Trueman Fertilizer Company v. A. M. Babcock judgment, which was obtained *after* the recordation of the said mortgage. The facts were stipulated too by counsel in the lower court and now appear in the record.

A final decree was entered in the lower court on June 7, 1944. The decree subrogated Andrew Lester, Jr., to all rights and benefits of the aforesaid mortgage, inclusive of

the right to re-foreclose and litigate with Carroll Dunscombe, who was not a party to the original foreclosure, the question of the validity of the Trueman Fertilizer Company judgment as against the mortgage from Babcock to Benjamin Hogg. The decree of the lower court foreclosed and forever barred all the claims of Carroll Dunscombe under the Trueman Fertilizer Company judgment as a lien against the mortgaged premises. A petition for rehearing was denied and Carroll Dunscombe, defendant below, appealed and seeks a reversal of the final decree, *supra.*

Appellant poses for adjudication here four questions which it is contended have a basis in the record. One of the contentions made is that Andrew Lester, Jr., is not subrogated to the interests of Benjamin Hogg, the original mortgagee. The answer to the question is our holding in Cuesta, Rey & Co. v. Newsom, 102 Fla. 853, 136 So. 551. See Pomeroy's Equity Jurisprudence, Vol. 4 (5th Ed.) 1074, par. 1419; American Surety Co. v. Bethlehem National Bank, 314 U. S. 314, 62 S. Ct. 226, 86 L. Ed. 241.

Appellant contends that the appellee was not entitled to subrogation because he was not the original purchaser at the master's sale. It is established that the purchaser of mortgaged property at a foreclosure sale, when for any reason the foreclosure proceedings are imperfect or irregular, becomes subrogated to all right of the mortgagee in such mortgage and the indebtedness that it secured. See Bridier v. Burns, 148 Fla. 587, 4 So. (2nd) 853. The appellee's title to the involved property rests on the original foreclosure proceedings. Newman T. Miller was the purchaser at the master's sale and by mesne conveyance appellee holds title under Miller as a grantor in the chain of title. We hold under the circumstances of this case that the appellee stepped into the shoes of a predecessor in the chain of title and acquired the same right to re-foreclose as against the Trueman Fertilizer Company judgment as owned and possessed by Newman T. Miller. See 50 Am. Jur. pp. 734-736, pars. 83 to 86.

It is not disputed that Benjamin Hogg was the owner of the mortgage given him by A. M. Babcock, the free dealer. Hogg later acquired the judgment of the Trueman Fertilizer

Company v. A. M. Babcock. It is contended that when title to both the judgment and mortgage rested in Benjamin Hogg a merger of these securities occurred which now prevents a re-foreclosure of the mortgage for the purpose of correcting an error viz—the omission to make the owner of the judgment a party defendant to the original foreclosure procedings. We fail to find merit in this contention.

Affirmed.

BUFORD, C. J., TERRELL and ADAMS, JJ., concur.