DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CITATION WAY CONDOMINIUM ASSOCIATION, INC.,**
Appellant,

v.

**WELLS FARGO BANK, N.A.,** and **LESLIE LINDER,**
Appellees.

No. 4D14-2667

[August 19, 2015]

Appeal of non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Joel T. Lazarus, Judge; L.T. Case No. CACE12 012009 (11).

Jacob A. Brainard, Scott C. Davis and Michael H. Casanover of Business Law Group, Tampa, for appellant.

Avri Ben-Hamo and Steven B. Greenfield of Aldridge Conners, LLP of Counsel, Boca Raton, for appellee Wells Fargo Bank, N.A.

DAMOORGIAN, J.

Citation Way Condominium Association, Inc. ("the Association") appeals a trial court's order granting Wells Fargo Bank, N.A.'s ("Wells Fargo") motion to enforce final judgment and to determine amounts due to the Association for unpaid assessments under section 718.116, Florida Statutes (2013). We affirm the trial court's order for the reasons discussed below, and further affirm as to the Association's other arguments on appeal without comment.

Wells Fargo, as the servicing agent for Federal National Mortgage Association ("Fannie Mae"), filed a mortgage foreclosure complaint against Leslie Linder, the then owner of the subject condominium unit. In its amended complaint, Wells Fargo alleged in part that its lien was superior to any other claims against title and interest except for unpaid condominium assessments as provided in section 718.116, Florida Statutes. Ultimately, final judgment of foreclosure was entered in favor of Wells Fargo. Fannie Mae subsequently purchased the subject property at the foreclosure sale, and a dispute then arose between Fannie Mae and

the Association regarding Fannie Mae's liability for unpaid assessments that became due before its acquisition of title.

Unable to resolve their dispute, Wells Fargo, on behalf of Fannie Mae, filed a motion in the foreclosure case to enforce the final judgment and determine the amounts due to the Association. The trial court granted the motion and determined the amount due to the Association. This appeal follows.

On appeal, the Association argues that the trial court lacked jurisdiction to adjudicate this new dispute, and that pursuant to our holding in *Sienna Ridge Homeowners' Association, Inc. v. Asia Pacific Sovereign Fund, LLC*, 134 So. 3d 1055 (Fla. 4th DCA 2013), the filing of a separate independent action was required to resolve the issue of unpaid assessments. *See id.* at 1056 (holding that an independent action is the proper way to litigate the issue of assessments due from a third-party purchaser at the foreclosure sale). We disagree. Unlike *Sienna*, this is not a case involving a third-party purchaser seeking to intervene in order to introduce new issues into the foreclosure action. The issue of unpaid assessments was raised in the underlying foreclosure action and the third-party purchaser, Fannie Mae, had a direct relationship with the plaintiff, Wells Fargo.

We accordingly affirm the trial court's order.

*Affirmed.*

MAY and FORST, JJ., concur.

*    *    *

**Not final until disposition of timely filed motion for rehearing.**