DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PLCA CONDOMINIUM ASSOCIATION,**
Appellant,

v.

**AMTRUST-NP SFR VENTURE, LLC,**
Appellee.

No. 4D14-2186

[November 18, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Cynthia G. Imperato, Judge; L.T. Case No. 09-3490 (11).

Stuart J. Zoberg and Guy M. Shir of Shir Law Group, P.A., Boca Raton, for appellant.

Ronald E. Kaufman of the Law Offices of Ronald E. Kaufman, P.A., Coral Gables, for appellee.

LEVINE, J.

The issue in this case is whether the trial court had jurisdiction to rule on a motion to determine amounts due to a condominium association following a final judgment of foreclosure. We find that the trial court did not have jurisdiction because the time to alter or amend the judgment had passed, and the judgment did not address the issue or reserve jurisdiction to determine the issue. As such, we reverse.

AmTrust obtained a final judgment of mortgage foreclosure and later took title to the property at a foreclosure sale. PLCA Condominium Association ("Association") was named as a defendant in the foreclosure action. Five months after the final judgment, AmTrust filed a motion to determine the amounts due to the Association. AmTrust argued that it was entitled to the safe harbor provision of section 718.116(1)(b), Florida Statutes (2013), which limits liability for past due assessments.[1] The

_____

[1] Specifically, section 718.116(1)(b) provides:
> (b) 1. The liability of a first mortgagee or its successor or assignees who acquire title to a unit by foreclosure or by deed in lieu of

Association opposed the motion, arguing that the trial court did not have jurisdiction. The trial court granted AmTrust's motion and found that AmTrust was entitled to the safe harbor provision.

Once a final judgment is entered and the time allowed by the rules of procedure for altering, modifying, or vacating the judgment has passed, the trial court loses jurisdiction over the case "except for the purpose of enforcing the judgment." *Town of Palm Beach v. State ex rel. Steinhardt*, 321 So. 2d 567, 568 (Fla. 4th DCA 1975). A trial court also "retains jurisdiction to the extent such is specifically reserved in the final judgment or to the extent provided by statute or rule of procedure." *Cent. Park A Metrowest Condo. Ass'n v. AmTrust REO I, LLC*, 169 So. 3d 1223, 1225 (Fla. 5th DCA 2015) (citation omitted).

In the present case, the trial court erred in finding that AmTrust was entitled to the safe harbor provision, since the trial court lacked jurisdiction because the time for altering or amending the judgment had passed. *See* Fla. R. Civ. P. 1.530(g) (2013) ("A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment . . . .").[2] Additionally, the trial court's order could not be characterized as enforcing the final judgment of foreclosure, as that judgment did not address the issue of past-due association fees. *Cf. Citation Way Condo. Ass'n v. Wells Fargo Bank, N.A.*, 172 So. 3d 558, 559 (Fla. 4th DCA 2015) (finding that the trial court had jurisdiction to consider a motion to determine amounts due to the association where "[t]he issue of unpaid assessments was raised in the underlying

> foreclosure for the unpaid assessments that became due before the mortgagee's acquisition of title is limited to the lesser of:
>
> a. The unit's unpaid common expenses and regular periodic assessments which accrued or came due during the 12 months immediately preceding the acquisition of title and for which payment in full has not been received by the association; or
>
> b. One percent of the original mortgage debt. The provisions of this paragraph apply only if the first mortgagee joined the association as a defendant in the foreclosure action. Joinder of the association is not required if, on the date the complaint is filed, the association was dissolved or did not maintain an office or agent for service of process at a location which was known to or reasonably discoverable by the mortgagee.

[2] Effective January 1, 2014, the time for service was expanded to fifteen days. *In re Amendments to Fla. Rules of Civ. Pro.*, 131 So. 3d 643, 651 (Fla. 2013).

foreclosure action"). Further, the final judgment did not specifically reserve jurisdiction to determine the amount of past-due association fees.

We note that other courts have reached the same conclusion under similar facts. *See Cent. Mortg. Co. v. Callahan*, 155 So. 3d 373 (Fla. 3d DCA 2014); *Montreux at Deerwood Lake Condo. Ass'n v. Citibank, N.A.*, 153 So. 3d 961 (Fla. 1st DCA 2014); *Cent. Park A Metrowest Condo. Ass'n v. AmTrust REO I, LLC*, 169 So. 3d 1223 (Fla. 5th DCA 2015); *Grand Cent. at Kennedy Condo. Ass'n v. Space Coast Credit Union*, 173 So. 3d 1089 (Fla. 2d DCA 2015). We agree with the reasoning of these cases and find that the trial court lacked continuing jurisdiction to rule on the post-judgment motion. Accordingly, we reverse the order granting the motion to determine amounts due and remand for the trial court to dismiss the motion.

*Reversed and remanded.*

DAMOORGIAN and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

3