# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

————————————————

No. 1D17-5122

————————————————

LASALLE BANK, N.A. as Trustee
for WAMU Mortgage Pass-
Through Certificates Series
2007-HYO5 Trust,

    Petitioner,

    v.

DAVID L. GRIFFIN; TERRELL K.
JOHNSON; and LINDA JOHNSON;
et al.,

    Respondents.

————————————————

Petition for Writ of Prohibition—Original Jurisdiction.


April 30, 2018


PER CURIAM.

Petitioner LaSalle Bank, N.A., seeks a writ of prohibition to prevent the circuit court from considering a motion for damages due to betterment that a third party purchaser filed against Petitioner after the circuit court entered a final judgment of foreclosure in Petitioner's favor. Agreeing that the circuit court lacks jurisdiction to consider the motion, we grant the writ.

The circuit court entered a final judgment of foreclosure in March of 2010. Before the foreclosure sale, the defendant property owners, with Petitioner's approval, entered into a short sale agreement with a third party, John Warren, and negotiated a sale price of $900,000. However, due to an error, the law firm representing Petitioner at the time did not file a motion to cancel the sale. The property was sold at a foreclosure sale to Respondent David Griffin for $75,000.

Three days after a certificate of title was issued to Griffin, Petitioner moved to vacate the sale and title. In December of 2011, the circuit court granted the motion and entered an order vacating sale. The circuit court found that Griffin was the brother-in-law of John Warren, appeared at the sale at the request of John Warren, and purchased the property pursuant to the instructions of John Warren and using funds provided by John Warren. The court found that the foreclosure bid was grossly inadequate, and that while there was no misconduct, Griffin knowingly capitalized on Petitioner's law firm's failure to cancel the sale and his bid could not be characterized as a good faith bid. Griffin had objected to the motion to vacate, claiming that he had spent approximately $160,000 related to the repair of the property.

Griffin moved for rehearing of the order vacating sale, arguing that the order failed to order the return of his purchase funds to him and had not reserved jurisdiction to determine the amount of money he was owed for his improvements to the property. Thereafter, on June 21, 2012, the circuit court entered an amended order vacating sale. The sale remained vacated, but the amended order provided that Griffin was entitled to a return of his foreclosure sale purchase price. The circuit court also "reserve[d] jurisdiction to consider whether or not Mr. Griffin is entitled to damages and or other relief for the value added to the Property for the repairs and improvements made by Mr. Griffin to the Property. Mr. Griffin shall have twenty (20) days from the date of this Amended Order Vacating sale to file an appropriate pleading with this Court seeking damages or such other relief as the Court deems just."

2

On July 11, 2012, Griffin filed a motion for damages due to betterment. He sought the value of the improvements he had made to the property, in the amount of $368,000. The motion remained pending for over four years, as a subsequent foreclosure sale was vacated and the foreclosure sale was rescheduled two more times. In October of 2016, the circuit court granted Griffin's motion to refer his motion for damages to mediation. No agreement was reached at mediation, and, at a foreclosure sale in May of 2017, the property was sold to U.S. Bank in its capacity as Successor Trustee. In August of 2017, Griffin noticed his motion for damages for hearing, and the circuit court again referred the matter to mediation.

At that point, Petitioner moved to strike the order referring the case to mediation, arguing the circuit court was without jurisdiction to order it to mediate the motion for damages more than seven years after the foreclosure judgment had become final. The circuit court denied this motion, finding it had jurisdiction to order the parties to mediation.

We agree with Petitioner that the circuit court did not have jurisdiction to entertain Griffin's third-party motion for damages after it rendered the final judgment of foreclosure in 2010. "'The rule is firmly established in this State that the trial Court loses jurisdiction of a cause after a judgment or final decree has been entered and the time for filing petition for rehearing or motion for new trial has expired or same has been denied.'" *Travelers Cas. & Surety Co. of Am. v. Culbreath Isles Prop. Owners Ass'n, Inc.*, 103 So. 3d 896, 899 (Fla. 2d DCA 2012) (quoting *Liberty Ins. Corp. v. Milne*, 98 So. 3d 613, 615 (Fla. 4th DCA 2012)). In *Travelers*, a homeowners' association filed a complaint against property owners alleging violation of deed restrictions, and the circuit court entered final summary judgment in favor of the property owners. The parties later settled all claims, including attorney's fees. After the settlement, the association served a motion to file a supplemental complaint to pursue a third-party indemnification claim against Travelers. The Second District found, relying on the rule quoted above, that a "circuit court therefore exceeds its jurisdiction by allowing the filing of a third-party complaint after the case has proceeded to this point of finality." *Id.* The Second District rejected the association's

argument that the circuit court had jurisdiction to proceed under its inherent continuing jurisdiction to enforce the final judgment, finding the third-party complaint was not an enforcement action, but sought relief from a third party that was not joined in the proceedings below, based on its obligations under an insurance contract that was not at issue in the proceedings. *Id. See also Central Mortg. Co. v. Callahan*, 155 So. 3d 373, 375 (Fla. 3d DCA 2014) ("[A] court 'does not have the power to impose upon a party a new duty not previously adjudicated.' *Superior Uniforms, Inc. v. Brown*, 221 So. 2d 214, 215 (Fla. 3d DCA 1969).").

Here, the circuit court reserved jurisdiction to consider a claim that was not related to its ability to enforce the final judgment of foreclosure. Instead, Griffin's motion for damages raised a new claim that was not part of the previous foreclosure litigation. Accordingly, the circuit court exceeded its jurisdiction by proceeding on the motion.

Finally, even though Petitioner participated in one mediation on the pending motion for damages and waited five years to raise this jurisdictional argument, Petitioner has not waived the jurisdictional defect. *See 14302 Marina San Pablo Place SPE, LLC v. VCP-San Pablo, Ltd.*, 92 So. 3d 320, 321 (Fla. 1st DCA 2012) (Ray, J., concurring) (explaining "case jurisdiction" and citing cases establishing that under precedent from this Court, lack of case jurisdiction cannot be waived).

Accordingly, we grant the petition for writ of prohibition and quash the order denying Petitioner's motion to strike the order referring the case to mediation. The circuit court does not have jurisdiction to consider Griffin's motion for damages.

ROBERTS, KELSEY, and M.K. THOMAS, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Allison Morat of Pearson Bitman LLP, Maitland, for Petitioner.

Michael S. Burke and Eric A. Krebs of Burke Blue Hutchison Walters & Smith, P.A., Panama City, for Respondent David L. Griffin.