# Supreme Court of Florida

_____

No. SC18-1132
_____

**DAVID L. GRIFFIN,**
Petitioner,

vs.

**LASALLE BANK, N.A., etc., et al.,**
Respondents.

February 6, 2020

POLSTON, J.

David Griffin seeks review of the decision of the First District Court of

Appeal in *LaSalle Bank, N.A. v. Griffin*, 248 So. 3d 191 (Fla. 1st DCA 2018),

regarding whether the circuit court presiding over the foreclosure action has

continuing jurisdiction to consider a third-party purchaser's motion to recover the

value of repairs and improvements made to the property he purchased at a

foreclosure sale that was later vacated.[1]  For the reasons that follow, we conclude

that the circuit court had continuing jurisdiction to consider Griffin's motion for

damages.  Accordingly, we quash the First District's decision.

---

1.  We have jurisdiction.  *See* art. V, § 3(b)(3), Fla. Const.

# I.  BACKGROUND

The First District set forth the pertinent facts as follows:

> Petitioner LaSalle Bank, N.A., seeks a writ of prohibition to prevent the circuit court from considering a motion for damages due to betterment that a third party purchaser filed against Petitioner after the circuit court entered a final judgment of foreclosure in Petitioner's favor.  Agreeing that the circuit court lacks jurisdiction to consider the motion, we grant the writ.
>
> The circuit court entered a final judgment of foreclosure in March of 2010.  Before the foreclosure sale, the defendant property owners, with Petitioner's approval, entered into a short sale agreement with a third party, John Warren, and negotiated a sale price of $900,000.  However, due to an error, the law firm representing Petitioner at the time did not file a motion to cancel the sale.  The property was sold at a foreclosure sale to Respondent David Griffin for $75,000.
>
> Three days after a certificate of title was issued to Griffin, Petitioner moved to vacate the sale and title.  In December of 2011, the circuit court granted the motion and entered an order vacating sale.  The circuit court found that Griffin was the brother-in-law of John Warren, appeared at the sale at the request of John Warren, and purchased the property pursuant to the instructions of John Warren and using funds provided by John Warren.  The court found that the foreclosure bid was grossly inadequate, and that while there was no misconduct, Griffin knowingly capitalized on Petitioner's law firm's failure to cancel the sale and his bid could not be characterized as a good faith bid.  Griffin had objected to the motion to vacate, claiming that he had spent approximately $160,000 related to the repair of the property.
>
> Griffin moved for rehearing of the order vacating sale, arguing that the order failed to order the return of his purchase funds to him and had not reserved jurisdiction to determine the amount of money he was owed for his improvements to the property.  Thereafter, on June 21, 2012, the circuit court entered an amended order vacating sale.  The sale remained vacated, but the amended order provided that Griffin was entitled to a return of his foreclosure sale purchase price.  The circuit court also "reserve[d] jurisdiction to consider whether or not Mr. Griffin is entitled to damages and or other relief for the value

added to the Property for the repairs and improvements made by Mr. Griffin to the Property. Mr. Griffin shall have twenty (20) days from the date of this Amended Order Vacating sale to file an appropriate pleading with this Court seeking damages or such other relief as the Court deems just."

On July 11, 2012, Griffin filed a motion for damages due to betterment. He sought the value of the improvements he had made to the property, in the amount of $368,000. The motion remained pending for over four years, as a subsequent foreclosure sale was vacated and the foreclosure sale was rescheduled two more times. In October of 2016, the circuit court granted Griffin's motion to refer his motion for damages to mediation. No agreement was reached at mediation, and, at a foreclosure sale in May of 2017, the property was sold to U.S. Bank in its capacity as Successor Trustee. In August of 2017, Griffin noticed his motion for damages for hearing, and the circuit court again referred the matter to mediation.

At that point, Petitioner moved to strike the order referring the case to mediation, arguing the circuit court was without jurisdiction to order it to mediate the motion for damages more than seven years after the foreclosure judgment had become final. The circuit court denied this motion, finding it had jurisdiction to order the parties to mediation.

*Griffin*, 248 So. 3d at 191-92.

On appeal, the First District concluded "that the circuit court did not have jurisdiction to entertain Griffin's third-party motion for damages after it rendered the final judgment of foreclosure in 2010." *Id.* at 192. The First District explained that "the trial [c]ourt loses jurisdiction of a cause after a judgment or final decree has been entered and the time for filing petition for rehearing or motion for new trial has expired or same has been denied." *Id.* (internal quotation marks omitted) (quoting *Travelers Cas. & Sur. Co. of Am. v. Culbreath Isles Prop. Owners Ass'n, Inc.*, 103 So. 3d 896, 899 (Fla. 2d DCA 2012)). The First District further

concluded that the circuit court's reservation of jurisdiction to consider Griffin's claim "was not related to its ability to enforce the final judgment of foreclosure" and that "Griffin's motion for damages raised a new claim" that exceeded the circuit court's jurisdiction. *Id.* at 193. The First District also concluded that LaSalle Bank did not waive this jurisdictional defect by participating in the first mediation because such a claim cannot be waived. *Id.* Ultimately, the First District "grant[ed] the petition for writ of prohibition and quash[ed] the order denying [the bank's] motion to strike the order referring the case to mediation." *Id.*

## II. ANALYSIS

Griffin argues that the circuit court presiding over the foreclosure action has continuing jurisdiction to consider his motion for damages for repairs and improvements made to the property he purchased at a foreclosure sale that was later vacated.[2] We agree and quash the First District's decision.

"In a foreclosure case, after entry of a final judgment and expiration of time to file a motion for rehearing or for a new trial, the trial court loses jurisdiction of the case . . . unless jurisdiction was reserved to address that matter or the issue is

---

2. "Questions regarding the trial court's jurisdiction are reviewed de novo." *Marlin Yacht Mfg., Inc. v. Nichols*, 254 So. 3d 1022, 1024 (Fla. 4th DCA 2018); *see also State v. Green*, 256 So. 3d 957, 958 (Fla. 1st DCA 2018) ("We review de novo the issue of whether a trial court's jurisdiction expired or was divested.").

- 4 -

allowed to be considered post-judgment by statute or under a provision of the Florida Rules of Civil Procedure." *Cent. Mortg. Co. v. Callahan*, 155 So. 3d 373, 375 (Fla. 3d DCA 2014) (alteration in original) (quoting *Ross v. Damas*, 31 So. 3d 201, 203 (Fla. 3d DCA 2010)). However, a court of equity has the power to set aside the sale of mortgaged property made pursuant to foreclosure "to protect parties from all fraud, unfairness, and imposition." *Macfarlane v. Macfarlane*, 39 So. 995, 998 (Fla. 1905). This Court has reemphasized "that the trial courts' use of their equity powers in resolving disputes pertaining to judicial foreclosure sale set aside actions is essential." *Arsali v. Chase Home Fin. LLC*, 121 So. 3d 511, 518 (Fla. 2013).

In *Bridier v. Burns*, 4 So. 2d 853, 853 (Fla. 1941), *opinion supplemented on other grounds*, 7 So. 2d 142 (Fla. 1942), this Court addressed the claims of the "owners of the equity of redemption" to take possession of the premises following a foreclosure sale set aside. The purchasers were "Clive Hansard and wife, Olivia Hansard." *Id.* The Hansards "assert[ed] large sums of money [were] due them for betterments to the property made in good faith." *Id.* at 855. This Court explained that "[t]he purchaser also is entitled to be put into the same situation he was before the purchase." *Id.* at 854. This Court further explained that the purchaser is also entitled to such sums the purchaser may have paid out in good faith, relying on the validity of the title transferred under the sales, for improvements on the property, at

- 5 -

least to the extent that the value of the property was increased by such improvements. *Id.* at 855. This Court directed, following the order vacating the Hansards' title, that the lower court should require the Hansards to account for rents collected following the vacated sale; order "the parties to file pleadings, thereby arriving at issues as to the credits and debits which have accrued since the entry of the final decree"; and enter judgment on those new pleadings. *Id.* Accordingly, the circuit court retained jurisdiction to address claims the Hansards could have raised arising after the order vacating their title. *See id.*

Contrary to our decision in *Bridier*, the First District in this case concluded that the circuit court lost jurisdiction to address a purchaser's claims arising after the final judgment and that Griffin's claims are appropriately the subject of a new proceeding. *Griffin*, 248 So. 3d at 193. In our decision in *Bridier*, the circuit court retained jurisdiction to address claims the purchasers could have raised arising after entry of final judgment and vacated foreclosure sale. 4 So. 2d at 855; *see also Macfarlane*, 39 So. at 998 (in the same action in the trial court involving the original foreclosure action, the trial court had continuing jurisdiction to enter an order regarding the disposition of proceeds, including the return of monies paid for necessary repairs and expenses to the purchaser following the vacating of the foreclosure sale).

The First District's holding in *Griffin*, 248 So. 3d at 192, that "the circuit court did not have jurisdiction to entertain Griffin's third-party motion for damages after it rendered the final judgment of foreclosure in 2010," is too broad. Contrary to the First District's holding in *Griffin*, circuit courts retain postjudgment jurisdiction to address a number of possible issues that can arise. *See, e.g.*, *Grace v. Hendricks*, 140 So. 790, 792-93, 795 (Fla. 1932) (concluding that the circuit court in a foreclosure case did not exceed its authority when, after entering the final decree of foreclosure, the circuit court stayed the scheduled sale and later reopened the pleadings, thereby vacating the foreclosure decree); *Citation Way Condo. Ass'n, Inc. v. Wells Fargo Bank, N.A.*, 172 So. 3d 558, 559 (Fla. 4th DCA 2015) (concluding that the circuit court had jurisdiction to adjudicate postjudgment dispute regarding unpaid condominium assessments); *Blue v. Covington Cty. Bank*, 77 So. 3d 909, 911 (Fla. 1st DCA 2012) (reservation of jurisdiction in a final judgment to determine a set-off in a foreclosure sale indicates that "judicial labor is not complete" and appellate review is therefore premature). Accordingly, a circuit court has postjudgment jurisdiction over matters that arise in various contexts, including during the vacating of a judicial foreclosure sale.

## III. CONCLUSION

To summarize, we conclude that the circuit court had continuing jurisdiction to consider Griffin's motion for damages after it rendered the final judgment of

foreclosure.  Accordingly, we quash the First District's decision and remand for further proceedings consistent with this opinion.

It is so ordered.

CANADY, C.J., and LABARGA and LAWSON, JJ., concur.
LAWSON, J., concurs specially with an opinion, in which CANADY, C.J., and POLSTON and LABARGA, JJ., concur.
MUÑIZ, J., dissents with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

LAWSON, J., concurring and concurring specially.

I fully concur in the majority opinion and write separately to address the dissent's arguments that this Court does not have conflict jurisdiction.

We have jurisdiction to review any decision of a district court of appeal "that expressly and directly conflicts with a decision of . . . the supreme court on the same question of law."  Art. V, § 3(b)(3), Fla. Const.  In *Macfarlane v. Macfarlane*, 39 So. 995, 998 (Fla. 1905), and *Bridier v. Burns*, 4 So. 2d 853, 855 (Fla. 1941), *opinion supplemented on other grounds*, 7 So. 2d 142 (Fla. 1942), this Court ordered the lower court to determine amounts owed to the purchaser following a vacated foreclosure sale.  In contrast, in the decision on review, *LaSalle Bank v. Griffin*, 248 So. 3d 191, 193 (Fla. 1st DCA 2018), the First District held that entry of the final judgment of foreclosure divested the circuit court of jurisdiction to resolve this very question.

- 8 -

The relevant "question of law" is whether a trial court has jurisdiction to determine amounts owed to a purchaser following a vacated foreclosure sale. On this question, the First District's holding in *LaSalle* and the remand instructions "expressly" given by this Court in *Macfarlane* and *Bridier* are irreconcilable—and therefore "directly" conflict with one another. While the dissent argues that this Court simply "*assumed* that the trial court had the requisite jurisdiction on remand" and "did not render a decision on the jurisdictional issue," dissenting op. at 11, I do not see why the lack of analysis or a failure to add what would have been a redundant statement—that the trial court was authorized to make the determination that it erred in not making originally and was being commanded to make on remand—removes this question of law from the decision. Even if jurisdiction was not a "focus" of *Macfarlane* and *Bridier*, dissenting op. at 11, at the core of both decisions were express remand directions that were necessarily predicated upon and dependent on a conclusion that the lower court had jurisdiction to resolve these issues as part of the foreclosure action. *See Blackhawk Heating & Plumbing Co., Inc. v. Data Lease Fin. Corp.*, 328 So. 2d 825, 827 (Fla. 1975) ("A trial court is without authority to alter or evade the mandate of an appellate court absent permission to do so [and] [i]f the trial court fails or refuses to comply with the appellate court's mandate, the latter may, generally speaking, take any steps or issue any appropriate writ necessary to give effect to its judgment.") (citation

omitted); *see also Mobley v. Mobley*, 920 So. 2d 97, 102 (Fla. 5th DCA 2006) (holding that when an appellate court issues specific instructions, a lower court "must carry out those instructions and not stray"). In other words, this Court *expressly* commanded the lower court to do what the First District held a trial court cannot do and thereby *decided* that the lower had the jurisdiction to do it. The resulting express and direct conflict vests this Court with discretionary jurisdiction under article V, section 3(b)(3) of the Florida Constitution.

CANADY, C.J., and POLSTON and LABARGA, JJ., concur.

MUÑIZ, J., dissenting.

I respectfully dissent, because I believe we lack jurisdiction to decide this case. The majority bases jurisdiction on an asserted conflict between the First District's decision in this case and this Court's decisions in *Bridier v. Burns*, 4 So. 2d 853 (Fla. 1941), and *Macfarlane v. Macfarlane*, 39 So. 995 (Fla. 1905). For there to be conflict jurisdiction, however, our constitution requires that the decision under review expressly and directly conflict with a "decision" of a different district court or of this Court "on the same question of law." Art. V, § 3(b)(3), Fla. Const. It follows from the structure of article V that each of the assertedly conflicting decisions must be one with precedential value on the relevant question of law. I do not believe that this test is satisfied here.

The question of law that the First District decided in *LaSalle Bank* is whether the circuit court exceeded its jurisdiction by "considering a motion for damages due to betterment that a third party purchaser filed against [LaSalle] after the circuit court entered a final judgment of foreclosure in [LaSalle's] favor." *LaSalle Bank v. Griffin*, 248 So. 3d 191, 191 (Fla. 1st DCA 2018). The First District concluded that the circuit court had, in fact, exceeded its jurisdiction by proceeding on the motion. The majority finds conflict with language in *Bridier* and *Macfarlane* indicating that, in proceedings following vacatur of a foreclosure sale, a trial court could resolve issues like the one raised by the third-party purchaser here. *See Bridier*, 4 So. 2d at 855 (directing chancellor to determine credits and debits accrued since vacated foreclosure sale); *Macfarlane*, 39 So. at 998 (remanding to chancellor for accounting of credits and debits due purchaser after vacated foreclosure sale).

Unlike the First District in *LaSalle Bank*, however, this Court in *Bridier* and *Macfarlane* did not render a decision on the jurisdictional issue that this case squarely presents—at least not a decision with any precedential value. Instead, in those cases this Court simply *assumed* that the trial court had the requisite jurisdiction on remand. The jurisdictional issue was not a focus of those cases; there is no indication on the face of our opinions that the trial court's jurisdiction was in dispute or that our Court gave the issue deliberate consideration. As a

- 11 -

result, in my view, *Bridier* and *Macfarlane* have no precedential value on the asserted conflict issue. *Cf. United States v. L. A. Tucker Truck Lines*, *Inc.,* 344 U.S. 33, 38 (1952) ("Even as to our own judicial power or jurisdiction, this Court has followed the lead of Chief Justice Marshall who held that this Court is not bound by a prior exercise of jurisdiction in a case where it was not questioned and it was passed sub silentio.").

We long ago recognized that a "limitation of review to decisions in 'direct conflict' clearly evinces a concern with decisions as precedents as opposed to adjudications of the rights of particular litigants." *Ansin v. Thurston*, 101 So. 2d 808, 811 (Fla. 1958). This emphasis on the precedential value of decisions respects the structure of Article V, which makes the district courts of appeal the final stop in most cases and gives this Court discretionary conflict jurisdiction to ensure harmony in the law. In the absence of a conflict of decisions with precedential value, there is nothing of significance to harmonize.

Under these circumstances, I respectfully conclude that we lack jurisdiction to review the First District's decision in this case.

Application for Review of the Decision of the District Court of Appeal – Direct Conflict of Decisions

First District - Case No. 1D17-5122

(Bay County)

- 12 -

Michael S. Burke and Gregory J. Philo of Burke Blue P.A., Panama City Beach, Florida,

    for Petitioner

Allison Morat of Bitman O'Brien & Morat, PLLC, Lake Mary, Florida,

    for Respondent