# Third District Court of Appeal

## State of Florida

Opinion filed July 28, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-602
Lower Tribunal No. 19-3115
_____

**Vista Financial Group, LLC and Alla Polishko,**
Appellants,

vs.

**The Bank of New York Mellon, etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Antonio Arzola, Judge.

Wasson & Associates, Chartered, and Roy D. Wasson, for appellants.

McGlinchey Stafford, and Joseph A. Apatov (Ft. Lauderdale); Fidelity National Law Group, and Serena Kay Tibbitt (Ft. Lauderdale), for appellees.

Before FERNANDEZ, C.J., and GORDO, and LOBREE, JJ.

FERNANDEZ, C.J.

Vista Financial Group, LLC ("Vista") and Alla Polishko ("Polishko") appeal the trial court's order dismissing with prejudice Counts I and II brought against the Bank of New York Mellon ("BONYM") and Naum and Margarita Tselesin ("Tselesins"), in their own capacity and as to Margarita Tselesin as trustee of the Naum Tselesin Trust. With respect to BONYM, we dismiss the appeal as a non-final, non-appealable order since further judicial labor is pending. With respect to the Tselesins, we treat the order as a partial final judgment and affirm.

This appeal concerns an action brought by Vista, the former owner of a foreclosed property, and Polishko, a junior lienholder, to set aside a 2014 foreclosure judgment and to revert title to Vista. The only issue relevant to this appeal is whether the Tselesins, the third-party purchasers of the foreclosed property, are protected by the Finality of Mortgage Foreclosure statute, section 702.036, Florida Statutes (2019). The statute provides that where title has passed to an innocent third-party buyer, a claim for wrongful foreclosure is converted into an action for money damages against the wrongfully foreclosing lender.

I.     Background

In 2009, BONYM brought a foreclosure action against Vista. BONYM did not join Polishko, a junior lienholder, as a defendant. In 2014, final

judgment was entered against Vista in favor of BONYM. That same year, BONYM purchased the property at the foreclosure sale and sold the property to the Tselesins.

Approximately four years later, Vista and Polishko brought suit to set aside the foreclosure judgment, alleging that BONYM perpetrated a fraud upon the trial court by failing to properly serve notice of trial, which led to the entry of the 2014 foreclosure judgment. Vista additionally filed suit against the Tselesins as third-party purchasers. Vista requested vacatur of the foreclosure judgment, cancellation of the sale and resulting deeds to the Tselesins (Counts I and II) and sought damages against BONYM (Count III).

In its complaint, Vista alleged that the Tselesins were affiliated with BONYM because they willingly received an imperfect interest in the foreclosed property, as evidenced by the fact that the Tselesins had to reforeclose the mortgage to extinguish Polishko's interest. The Tselesins moved to dismiss, invoking the protection of section 702.036. Upon consideration of the motion to dismiss, the trial court ruled that the Tselesins met each element of section 702.036, affording them protection under the statute. The trial court acknowledged that the only disputed element was whether the Tselesins qualify as "person[s] not affiliated with the foreclosing

lender." Finding that the Tselesins were not affiliated with BONYM, the trial court reasoned:

> First, because 702.036 refers to the purchase by a person not affiliated with the foreclosing lender at the time of purchase, Tselesin's pursuit of an equitable action of reforeclosure some two (2) years after his purchase at a foreclosure sale cannot retroactively make him a person affiliated with the lender two (2) years prior. Moreover, the Court notes that if the mere act of purchasing a property from an imperfect foreclosure action was a basis to create an "affiliation", [sic] then no party could be protected under 702.036 which was calculated to protect third party purchasers from potential defects in the foreclosure from which their title is deraigned.

On this basis, the trial court found that the Tselesins were entitled to the protection of the statute and dismissed with prejudice Counts I and II against the Tselesins and BONYM.

BONYM additionally moved to dismiss based on the statute of limitations. In the same order, the trial court denied the motion without prejudice. The trial court further gave Vista leave to amend Count III of the amended complaint to clarify the basis of its action for monetary damages and to specify damages. That action is ongoing.

Vista filed a motion for rehearing and attached the second amended complaint. The trial court denied the motion for rehearing and for leave to file the second amended complaint. Vista appealed the order of dismissal as to both BONYM and the Tselesins.

4

II.	Analysis

This Court has jurisdiction to review the order of dismissal as a partial final judgment as it applies to the Tselesins. Fla. R. App. P. 9.110(k). An order granting a motion to dismiss with prejudice is reviewed *de novo*. Calderon v. Vazquez*,* 251 So. 3d 303, 304 (Fla. 3d DCA 2018). Because further judicial labor is pending as to BONYM, we dismiss the appeal as to BONYM as a non-final, non-appealable order.

We agree with the trial court that the Tselesins are not affiliated with the foreclosing lender and are therefore entitled to the protection of section 702.036. There is no indication in the record that the Tselesins, in the past or in the present, have had any relationship with BONYM beyond purchasing the subject property in the 2014 foreclosure sale.

Vista seeks to create a loophole in the statute that is unsupported by the language of the statute. Vista argues that the Tselesins are affiliated with BONYM as they are equitably subrogated to the position of BONYM as to the rights of the junior lienholder. Vista contends that if there had not been an omitted junior lienholder creating an imperfect foreclosure, the Tselesins would not be persons "affiliated" with BONYM.

The outcome of this appeal hinges on the purpose of the statute and the adverse implications of what Vista proposes. The relevant portion of the statute provides:

> (1)(a) In any action or proceeding in which a party seeks to set aside, invalidate, or challenge the validity of a final judgment of foreclosure of a mortgage or to establish or reestablish a lien or encumbrance on the property in abrogation of the final judgment of foreclosure of a mortgage, the court shall treat such request solely as a claim for monetary damages and may not grant relief that adversely affects the quality or character of the title to the property, if: . . .
> 4. The property has been acquired for value, by a person not affiliated with the foreclosing lender or the foreclosed owner, at a time in which no lis pendens regarding the suit to set aside, invalidate, or challenge the foreclosure appears in the official records of the county where the property was located.

§ 702.036(1)(a)(4), Fla. Stat. (2019) (emphasis added). Upon reviewing Vista's interpretation of section 702.036(1)(a)(4), the trial court held:

> Moreover, the Court notes that if the mere act of purchasing a property from an imperfect foreclosure action was a basis to create an "affiliation", [sic] then no party could be protected under 702.036 which was calculated to protect third party purchasers from potential defects in the foreclosure from which their title is deraigned.

(Emphasis added). We completely agree with the trial court's assessment and its understanding of the stated purpose of the statute.

In support of its position, the sole authority upon which Vista relies is a Florida Supreme Court opinion from the 1940's, which was published over 75 years prior to the creation of the statute. Vista provides the following quote

6

from this opinion: "[T]he purchaser of the mortgaged property at a foreclosure sale, when for <u>any reason</u> the foreclosure proceedings are imperfect or irregular, becomes subrogated to all right of mortgage in such mortgage and the indebtedness it secured." <u>Trueman Fertilizer Co. v. Lester</u>, 20 So. 2d 349, 350 (Fla. 1944) (emphasis added). This quotation is particularly telling of the far-reaching implications of equating affiliation with subrogation. If, as Vista proposes, subrogation to all right of mortgage translates into an affiliation with the foreclosing lender and a third-party purchaser becomes subrogated when for "any reason the foreclosing proceedings are imperfect or irregular," the trial court is correct that if we were to implement this interpretation, the purpose of the statute would be nullified. <u>Id.</u> The statute was created to protect third-party purchasers when title is threatened due to an imperfect or irregular foreclosure. Therefore, "subroga[tion] to all right of mortgage" cannot equate to "a person [ ] affiliated with the foreclosing lender." <u>Id.</u>; § 702.036(1)(a), Fla. Stat. (2019).

Lastly, Vista argues for additional requirements and protections to be added to the statute. But as the Fourth District recently stated in <u>Wells Fargo Bank, N.A. v. Tan</u>, 46 Fla. L. Weekly D1048, D1050 (Fla. 4th DCA May 5, 2021), in applying section 702.036: "[Appellant's] argument[s] [are] reasonable. But, again, we are limited by the text of the statute. The

7

legislature wished to provide finality to a mortgage foreclosure judgment." The legislature chose to balance the protections of the former property owner against those of the innocent third-party purchaser to bring finality and security to the mortgage foreclosure process. The balance shifts towards protecting the third-party purchaser only when limited circumstances are met, as provided in the text of the statute. The remedy that remains for the previous owner is monetary damages against the wrongfully foreclosing lender.

For the reasons stated, we treat the order as a partial final judgment and affirm as to the Tselesins. The appeal as to BONYM is dismissed as a non-final, non-appealable order.

Affirmed in part; dismissed in part.